BOARD OF EDUCATION in and for the SCHOOL DISTRICT OF THE CITY OF ROCKFORD, Plaintiff-Appellee, *v.* ROCKFORD EDUCATION ASSOCIATION, INC. *et al.*, Defendants-Appellants.

(No. 71-121; )

Second District—March 2, 1972.

*Rehearing denied April 3, 1972.*

Fiffer & D'Angelo and Asher, Greenfield, Gubbins & Segall, both of Chicago, for appellants.

Pedderson, Menzimer, Conde & Stoner, of Rockford, (Dale F. Conde, of counsel,) for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The Rockford Education Association, Inc. and Howard L. Getts, defendants below, prosecute this appeal from a declaratory judgment entered February 12, 1971 in favor of the Board of Education in and for the School District of the City of Rockford, No. 205, Winnebago County.

In May, 1969, the Board of Education, the governing body of the school district created an administrative position described as Director of Personnel and Recruitment and distributed an "Announcement of Vacancy" to members of the instructional staff. The announcement included a resume of the duties of the position and invited applications from interested parties. Howard Getts, employed as a guidance counsellor by the district, applied for the job along with several other members of the staff. Getts was recommended by the superintendent of schools for the position but the Board, on October 13, 1969, rejected his application together with those of the other applicants and declined to fill the position. It remains unfilled to this day.

The Rockford Education Association, Inc. is a not-for-profit corporation organized to represent the school teachers and members of the instructional staff in the negotiation of collective bargaining agreements with the Board. The Association and Board had entered into a collective bargaining agreement, designated as the "Professional Agreement", effective for the period from July 1, 1969 to June 30, 1970. Getts was a member of the Association and, as a certified member of the instructional staff, was employed under the provisions of the Professional Agreement.

On October 27, 1969, Getts filed a grievance alleging, among other things, a violation of the Agreement by the Board in that it had improperly failed to promote him to the position of Director of Personnel and Recruitment. Getts' grievance was processed through various preliminary steps to the superintendent of schools who stated that he was unable to pass on it. Thereafter, on November 26, the Association and Getts filed a demand for arbitration with the American Arbitration Association. The Board answered that demand, in the nature of a special appearance, and maintained that the matter of selection or employment of employees was not intended to be included in the Professional Agreement and could not, in any event, be delegated by the Board and, therefore, it was not an arbitrable issue. The matter was considered by an arbitrartor on that sole question and, after briefs had been submitted and arguments made, he concluded, on February 16, 1970, that the grievance was arbitrable and set it for a hearing on the merits on April 10.

On April 2, the Board brought its complaint to stay the arbitration pursuant to Section 102(b) of the Uniform Arbitration Act (Ill. Rev. Stat., 1969, ch. 10, par. 102(b) ) and for declaratory judgment pursuant to Section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 57.1) to declare that the Professional Agreement was void to the extent that it related to arbitration of selection or promotion of employees. The Association and Getts filed motions to dismiss and for summary judgment. The trial court considered the matter on the pleadings, briefs and oral argument and then denied the motions of the defendant, set aside the award of the arbitrator that the matter was arbitrable and declared that the Agreement was "to the extent it relates to arbitration of matters of selection or promotion of employees * . * * void and without force of law * * *."

The grievance filed by Getts contained the specific allegation that the Board violated Article XXXIII of the Professional Agreement. Article XI, Section A, defines a grievance as a "claim by the Association or a staff member that there has been a violation, misinterpretation or mis-

application of any of the provisions of the Agreement." Article XI, Section E, provides that if the superintendent is unable to satisfactorily resolve the grievance, it would be submitted to binding arbitration under the rules of the American Arbitration Association.

Article XXXIII provides that all promotional positions would be filled according to certain procedures and "on the basis of qualification for the vacant post \* \* \*". A promotional position is described as a position, among others, on the "administrative-supervisory level." The arbitrator concluded that on the basis of the language of the Agreement, the complaint of Getts was a "grievance" and, as such, subject to binding arbitration.

■■■ It has been held that a board of education does not require legislative authority to enter into a collective bargaining agreement and that such an agreement is not against public policy. (*Chicago Div. Ill. Ed. Ass'n. v. Board of Ed.*, 76 Ill.App.2d 456, 472.) However, a board may not, through a collective bargaining agreement or otherwise, delegate to another party those matters of discretion that are vested in the board by statute. The School Code provides that the board has the duty "To appoint all teachers and fix the amount of their salaries \* \* \*." (Ill. Rev. Stat. 1969, ch. 122, par. 10—20 and 10—20.7.) The cases have held that these are among the powers and duties of a board that cannot be delegated or limited by contract. *Elder v. Board of Ed. of School Dist. No. 127½*, 60 Ill.App.2d 56, 68; *Stroh et al v. Casner et al*, 201 Ill. App. 281, 286; *Lindblad v. Board of Education*, 221 Ill. 261, 271.

The appellants contend, as did the arbitrator, that the Board actually exercised, rather than delegated, its responsibilities in regard to the employment of a Director. They argue that the Board created the position, defined the duties to be performed, and fixed the salary. Thereafter, an applicant for the position was to be appointed within the guidelines properly established by the Board and there was no further discretionary function to be exercised. We do not agree.

■■ Article I of the Professional Agreement recognized the undisputable statutory limitations on the Board in providing. "There is reserved exclusively to the Board all responsibilities, powers, right and authority expressly or inherently vested in it by laws and constitutions of Illinois and the United States, excepting where expressly and in specific terms limited by the provisions of this agreement." This Article in itself contains an anomaly since clearly the Board could not, in any event, agree to limit those powers granted exclusively to it by the School Act. However, there is nothing in the Agreement that could be construed as an express or specific limitation on the discretion of the Board to employ or not to employ anyone as Director of Personnel and Re-

cruitment. Although, a promotional procedure is established in Article XXXIII, the appointment is to be based on "qualification". The ultimate determination of "qualification" was not, nor could it be, delegated by the Board to any outside agency including the American Arbitration Association.

We therefore conclude that the judgment of the trial court was correct and should be affirmed.

Judgment affirmed.

MORAN and GUILD, JJ., concur.