Max **MILLER**, Plaintiff-Appellant,

v.

**SCHOOL DISTRICT NUMBER 167, COOK COUNTY, ILLINOIS, et al.,** Defendants-Appellees.

No. 73–1359.

United States Court of Appeals, Seventh Circuit.

June 18, 1974.

Before CUMMINGS, PELL and STEVENS, Circuit Judges.

 In support of his petition for rehearing, appellant has called our attention to the decision of the Supreme Court in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). Appellant argues, in effect, that the Court's construction of the Lloyd-LaFollette Act, 5 U.S.C. § 7051, as creating a "property" interest under the Fifth Amendment requires us to conclude that the relevant Illinois statute likewise created a "property" interest for appellant under the Fourteenth Amendment. It is, of course, clear in both cases that the nature of the employee's right, if any, to continued employment is determined by the relevant statute—the federal statute in *Arnett* and the Illinois statute in this case. It is equally clear that the United States Supreme Court's construction of federal statutory language does not affect the right of an Illinois court to interpret language selected by the Illinois General Assembly in framing state legislation. Accordingly, it is perfectly clear that the proper interpretation of the Illinois statute is not affected by the *Arnett* decision.

 It is equally plain that the Illinois statute did not grant tenure to the plaintiff, since he had not completed the two-year probationary period required by 122 Ill.Rev.Stat. § 24–11. See Elder v. Board of Education of School District No. 127½, 60 Ill.App.2d 56, 208 N.E.2d 423, 426 (1965). Even though appellant was not a tenured teacher, arguably the Illinois statute might so limit the causes for which he might be removed that, under reasoning analogous to that adopted in *Arnett,* he might have a sufficient claim of entitlement to his position to have a property interest within the meaning of the Fourteenth Amendment. Appellant has called our attention to no Illinois authorities indicating that the statute limits in any way whatsoever the authority of the School Board to terminate his employment prior to the time he acquires tenure. The language of the statute does not expressly limit termi-

nations to any kind of cause. Since we are persuaded that the Illinois courts would interpret this statute to empower a school board to terminate a non-tenured teacher for any reason at all, we are likewise persuaded that as a matter of state law the non-tenured teacher's claim of entitlement to his position is insufficient to constitute a property interest within the meaning of the Fourteenth Amendment.

Except for appellant's Equal Protection argument, which was not previously advanced, and is therefore not now entertained, the other contentions set forth in the Petition for Rehearing are adequately answered in the opinion dated April 5, 1974.

Accordingly, the Petition for Rehearing is denied.

■ No active judge having requested a vote, the Petition for Rehearing En Banc is also denied.

Denied.