LOCKPORT AREA SPECIAL EDUCATION COOPERATIVE, Plaintiff-Appellee, *v.* LOCKPORT AREA SPECIAL EDUCATION COOPERATIVE ASSOCIATION, Defendant-Appellant.

(No. 74-353;

Third District—November 28, 1975.

STOUDER, J., specially concurring.

Drach, Terrell & Deffenbaugh, P. C., of Springfield (R. W. Deffenbaugh, of counsel), for appellant.

McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet (Richard Buck, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Will County which enjoined defendant, Lockport Area Special Education Cooperative Association (hereinafter called "Association") from proceeding with any further arbitration of the grievance of one of the Association's member teachers. The trial court found that arbitration of whether or not "just cause" existed was not a condition precedent to the dismissal of the probationary teacher by the plaintiff, Lockport Area Special Education Cooperative (hereinafter called "Board").

The plaintiff, a school board, brought this action for declaratory injunctive relief as against the defendant Association, with respect to the grievance and arbitration procedures contained in a collective bargaining agreement between the two parties. The Board sought a declaration that arbitration provisions did not apply to reasons attendant upon the decision of the Board to dismiss a probationary teacher. In the alternative it was asserted that the Board was without legal authority to agree to arbitrate that issue.

As indicated, the trial court found that the reasons for dismissal of a

probationary teacher were not a proper subject for arbitration under the terms of the collective bargaining agreement, and that the Board, in any case, could not delegate its discretionary power to dismiss such non-tenured teachers to a third party, such as an arbitrator.

From the record it appears that a probationary teacher, Mary Jo Carlson, was given proper notice by the Board under the School Code that she would not be rehired for the forthcoming school term. (Ill. Rev. Stat. 1973, ch. 122, §§ 24—11, 24—12.) The teacher filed a grievance with the Association, pursuant to procedures set out in the collective bargaining agreement which the teachers had with the Board, and when the grievance could not be resolved, she asked for arbitration which would be binding according to the agreement.

By the terms of the agreement, a "grievance" is an alleged violation or misinterpretaton of the provisions of the agreement. The grievance in this case concerns Article II-G of the agreement which provides:

> "*The Board agrees* that its rules and regulations governing teacher conduct shall be reasonable and *that enforcement of teacher discipline shall be fair and for just cause.*" (Emphasis added.)

The substance of the Association's argument is that the dismissal of a probationary teacher constitutes "discipline" within the meaning of Article II-G of the agreement, and that such dismissal must therefore be for just cause, and further that the determination of whether just cause exists for the dismissal is thus a proper subject for arbitration, since, if just cause were not present, there would be a violation of Article II-G.

■■ In Illinois, collective bargaining agreements between school boards and employees' organizations are permissible and are enforced by the courts. (*Chicago Division of the Illinois Education Association v. Board of Education* (1st Dist. 1966), 76 Ill.App.2d 456, 472, 222 N.E.2d 243.) It is clear, however, as stated in *Board of Education v. Rockford Education Association* (2nd Dist. 1972), 3 Ill.App.3d 1090, 1093, 280 N.E.2d 286, that:

> "* * * a board may not, through a collective bargaining agreement or otherwise, delegate to another party those matters of discretion that are vested in the board by statute."

See also 48 Am.Jur.2d Labor & Labor Relations (1970), § 1202; Annot., 31 A. L. R. 2d 1142 (1953).

Since arbitration is binding on the parties, according to the terms of the agreement in the cause before us, the arbitrator, in effect, reviews the issue of whether or not just cause existed and his determination of the question becomes final. A probationary teacher sought to be released by the Board would be required to be retained if the arbitrator

found that there was no just cause for dismissal. Such being the case, such procedure, as a practical matter, delegates the Board's discretionary power to retain or dismiss probationary teachers to the arbitrator.

■■ The Illinois Legislature has vested power in school boards to hire and dismiss teachers, subject to the provisions of the Tenure Act (Ill. Rev. Stat. 1973, ch. 122, §§ 24—11, 24—12). There appears to be unlimited power in the boards to dismiss probationary teachers at the board's discretion, while the power to dismiss tenure teachers is considerably restricted. (See *Miller v. School District No. 167* (7th cir. 1974), 500 F.2d 711.) It would thus appear that the Board in the instant case would be without power to delegate its authority, relative to the employment of probationary teachers, to an arbitrator.

The Association argues that submission of the issue of "just cause" to the arbitrator is merely to insure that the Board has followed proper procedures prior to dismissal as envisioned by the bargaining agreement, citing *Classroom Teachers Association v. Board of Education* (3rd Dist. 1973), 15 Ill.App.3d 224, 304 N.E.2d 516, and *Illinois Education Association v. Board of Education* (1st Dist. 1974), 23 Ill.App.3d 649, 320 N.E.2d 240. The Association claims that the arbitrator merely decides whether just cause in fact exists and that this is only a factual determination preliminary to the exercise of ultimate discretion by the Board. In the recent case of *Wesclin Education Association v. Board of Education* (5th Dist. 1975), 30 Ill.App.3d 67, 331 N.E.2d 335, the court held that a school board is powerless to agree to *any* limitations, procedural or otherwise, of its discretionary statutory powers.

The *Wesclin* case differs from this court's decision in the *Classroom Teachers* case, and particularly as the *Classroom Teachers* decision was applied in the First District in the *Illinois Education Association* case. In those cases the school board was permitted to agree to *procedural* prerequisites to the exercise of its discretion, such as notice, hearing, conferences with the teacher and an opportunity to remedy alleged deficiencies. As we have indicated, neither of the cases held that the school board could effectively delegate the actual substantive discretionary decision to another party, even in the form of a binding review by an arbitrator, as the Association asks this court to conclude in the instant case.

As we view the agreement, the determination of whether or not just cause exists is not a procedural question, but is in fact the very issue at the heart of the exercise of the Board's discretion. To permit that determination to be made by an arbitrator, in a manner which would be binding on all concerned, is to effectively delegate to the arbitrator the power to retain or dismiss probationary teachers. The argument that

the determination of just cause is a preliminary factual question, is an exercise in semantics and ignores the practicalities of the situation, that a binding decision on that question by the arbitrator is conclusive of the issue. If the arbitrator decides that there was just cause, the Board's decision to dismiss may be carried out. If he decides that there was not just cause, the Board would have no alternative but to retain the teacher and even perhaps to grant the teacher continued contractual service or tenure.

The cause before us, therefore, is not similar to the cases relied upon by the Association, where the issues sought to be arbitrated were simply procedural in nature. In the *Classroom Teachers* case, we recognized the general rule that a public employer cannot negotiate a collective bargaining agreement which involves a surrender of its legal discretion granted by statute. We upheld there, however, the provisions of the agreement which required the school board to grant notice, hearing, a conference of school administrators, and a chance to remedy alleged problems to a teacher who was to be transferred involuntarily; since it was clear in that case that the challenged provisions of the collective bargaining agreement did not in any way inhibit the discretion of the board in *Classroom Teachers*. It merely provided certain procedural steps to be followed before the discretion was exercised. We found there at 15 Ill.App.3d 224, 228:

> "No provision of the agreement restricts the power of the Board to hire, discharge or transfer nor requires the Board to delegate authority."

Similarly, in the *Illinois Education Association* case, the agreement included provisions for notice, hearing, conference and certain evaluation procedures, which were to be followed before a teacher could be discharged. A teacher, who was discharged without benefit of such procedures being fully followed, filed a grievance which went to arbitration. The arbitration was only advisory and not binding as it would be in the instant case. The Board went to court and argued that if failure to comply with the procedural requisites of the agreement prevented the Board from discharging a teacher, then it had contracted away its authority illegally. The appellate court rejected this view, and relied on the *Classroom Teachers* case in finding that the Board retained its discretion and authority but merely agreed to follow certain procedures before exercising such powers.

In other cases it has been held that where a collective bargaining agreement requires a school board to determine the qualifications of teachers for vacant positions, the act of determining qualifications itself cannot be subjected to binding arbitration, for whether or not a teacher

is qualified is the ultimate issue which the Board in its discretion must decide, regardless of what procedural limitations it agrees to follow in making its decision. (*Board of Education v. Johnson* (1st Dist. 1974), 21 Ill.App.3d 482, 492, 494, 315 N.E.2d 634; *Board of Education v. Rockford Education Association, Inc.,* 3 Ill.App.3d 1090, 1093-94.) These cases clearly establish that a school board, authorized by statute to dismiss and retain probationary teachers entirely in its discretion, may not delegate this power by agreeing to dismiss teachers only for just cause and further agreeing to allow binding arbitration as to whether or not there is just cause. The very issue of whether or not just cause in fact exists is to be determined by the Board. The Board may only agree to follow certain procedures before making a determination, which only the Board can make. See *Wesclin Education Association.*

■■ The School Code provides for the employment of teachers under an arrangement so that first- and second-year teachers in a school district are working on a test basis. They are on a probation type of arrangement and as such have no specific right to be retained by the school board, as are the tenure teachers. In this situation, the probationary teacher is not discharged or dismissed so much as she is not asked to enter into continued contractual service. It suggests that the dismissal of a probationary teacher is not the type of punishment envisioned by the use of the word "discipline" in the collective bargaining agreement.

In interpreting the agreement and of paramount significance, is the fact that the right and power of the Board to retain or dismiss probationary teachers is a substantive and crucial aspect of the Board's general authority to oversee the education system in its district. It is an essential part of the Board's public duty to use only the most qualified teachers for the education of the district children. To carry out this purpose, the Board is authorized to try out teachers for one or two years with no continuing obligation, and then to retain or dismiss the teachers as the Board determines, in its discretion, to be in the best interests of the children to be educated.

■■ We must concede that such an important right of the Board cannot be restricted by the terms of the agreement, unless those terms clearly indicate such to be the intent of the parties and if the restrictions are valid. We do not think that by the words "enforcement of teacher discipline shall be fair and for just cause" the Board intended to restrict its important discretionary power by the requirement of "just cause" nor, especially, does it seem likely that the Board intended to submit the issue of probationary teacher dismissal to binding arbitration which would allow an arbitrator to have the effective last word as to dismissal. As observed by the Illinois Supreme Court in *Flood v. Country*

*Mutual Insurance Co.* (1968), 41 Ill.2d 91, 94, 242 N.E.2d 149, and followed by us in *Silver Cross Hospital v. S. N. Nielsen Co.* (3rd Dist. 1972), 8 Ill.App.3d 1000, 1002, 291 N.E.2d 247:

> "* * * parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication."

Regardless of what was intended by the Board in the agreement, we conclude that the school board cannot, by the terms of a collective bargaining agreement, place a substantive limitation on its power to discharge probationary teachers in conjunction with binding review of the substantive discretionary obligation of the Board in the form of a determination by arbitration.

For the reasons stated, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

STENGEL, J., concurs.

Mr. JUSTICE STOUDER, specially concurring:

I agree with the result reached by the majority since the terms of the collective bargaining agreement do not clearly indicate the parties intended to submit the issue of probationary teacher dismissal to binding arbitration. For this reason I believe it is unnecessary to decide whether the board has the legal authority to agree to submit the issue to binding arbitration. Accordingly, I neither agree nor disagree with the disposition of that issue.