BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 189, Plaintiff-Appellant, *v.* CAHOKIA DISTRICT COUNCIL NO. 58 OF THE BROTHERHOOD OF PAINTERS AND ALLIED TRADES *et al.*, Defendants-Appellees.

Fifth District     No. 79-498

Opinion filed February 2, 1981.—Rehearing denied March 4, 1981.

KARNS, J., specially concurring.

Edward L. Welch, of Edwardsville, for appellant.

Randolph E. Schum, of Paul L. Pratt, P. C., of East Alton, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

On January 20, 1975, the plaintiff, Board of Education of School District No. 189, entered into an agreement with Painter's Local Union No. 215 of the Cahokia District Council No. 58 of the Brotherhood of Painters and Allied Trades. That agreement incorporated by reference the following provision:

"It shall be a condition of employment that all employees of the contractor covered by this Agreement, who are members of the Union in good standing on the effective date of this Agreement, shall remain members in good standing, and those who are not members on the effective date of this Agreement shall, not later than the 7th day following the effective date of this Agreement, become and remain members in good standing in the Union. It shall also be a condition of employment that all employees covered by this Agreement and hired on or after its effective date shall, no later than the 7th day following the beginning of such employment become and remain members in good standing in the Union. Effective date as used herein refers to the date of execution of this Agreement. The failure of any person to become a member of the Union at such required time shall obligate the Employer, upon written notice from the Union to such effect and to the further effect that Union membership was available to such person on the same terms and conditions generally available to other members, forthwith to discharge such person twenty-four hours from time of receipt of such notice. Furthermore the failure of any person to maintain his Union membership in good standing as required herein upon written notice to the employer by the Union to such effect, shall obligate the Employer to discharge such person within 24 hours of time of notice by the Union."

In March of 1977, the Cahokia District Council contacted the Superintendent of School District No. 189 concerning the individual defendants in this suit, who were employed by the school district as painters. The council's executive secretary stated that individual defendants Knight, Holt, Brookshire, Pickett, Howard and Tapley had not paid their "Administrative Check-off Dues" and that defendant Fennoy had not paid all of the initiation fee. He noted that these individuals were not

members in good standing of Local 215, and he referred to the provision quoted above.

The board of education filed a complaint for a declaratory judgment in the circuit court of St. Clair County on June 30, 1977. Local 215, the council and the individual painters were joined as defendants. The board requested the court to declare unenforceable the clause requiring the discharge of union members not in good standing. Following arguments and memoranda, the court entered an order on February 1, 1979, in which it declared the provision valid. The plaintiff appeals to this court and argues (1) that the provision in question is not enforceable and (2) that, even if the provision is valid, the union may not force the plaintiff to discharge painters for failure to pay fees which are not used for collective bargaining. We only reach the first of these issues.

It has been held that school boards have the power to enter into collective bargaining agreements. (*Chicago Division, Illinois Education Association v. Board of Education* (1966), 76 Ill. App. 2d 456, 222 N.E.2d 243.) It has also been held, and uniformly so, that a school board may not contract to delegate or surrender a duty conferred upon it by statute or to surrender discretion granted it by statute. (*Weary v. Board of Education* (1977), 46 Ill. App. 3d 182, 360 N.E.2d 1112; *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 331 N.E.2d 335; *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7.) This long established common law rule has been accepted in the Illinois Constitution of 1970, article 7, section 10(a), which states, "Units of local government and school districts may contract and otherwise associate with individuals, associations, and corporations in any manner not prohibited by law or by ordinance." (Ill. Const. 1970, art. 7, §10(a).) As school districts are given certain express and implied powers by the School Code of 1961 (Ill. Rev. Stat. 1979, ch. 122 par. 1—1 *et seq.*), any attempt to alienate those powers by contracting them away would dilute the effect of the Code and would be "prohibited by law."

But these propositions are not in dispute. Instead, the parties question how they should be applied to the designated provision in the agreement. Does that clause requiring termination of employees not in good standing with the union act to delegate the district's statutory duties or to surrender its statutory discretion?

The courts of this State have defined by example the types of functions which a school board may not grant to others in a collective bargaining agreement. It has been held that the school board has the power to hire (*Board of Trustees v. Cook County College Teachers Union* (1976), 62 Ill. 2d 470, 343 N.E.2d 473) and discharge teachers (*Wesclin Education Association v. Board of Education; Illinois Education Association v. Board of Education; Lockport Area Special Education*

*Cooperative v. Lockport Area Special Education Cooperative Association* (1975), 33 Ill. App. 3d 789, 338 N.E.2d 463), to determine their qualifications (*Board of Education v. Johnson* (1974), 21 Ill. App. 3d 482, 315 N.E.2d 634), and to set and allocate funds for their salaries (*Weary*). These functions must be exercised by the school board, which cannot abdicate its responsibility by referring these matters to such devices as arbitration (*Cook County College Teachers Union; Lockport Area; Johnson*), specified evaluation procedures (*Illinois Education Association v. Board of Education; Wesclin*), and other contract solutions (*Weary*). On these matters of teacher employment, then, a school board must act, guided only by the provisions of the School Code of 1961.

It may be argued, in response, that although these are the proper boundaries of a school board's ability to contract away its employment powers, they only apply to teacher contracts. After all, the School Code contains explicit sections which govern the hiring and compensation of teachers (Ill. Rev. Stat. 1979, ch. 122, pars. 10—20.7, 10—21.1) as well as their dismissal (Ill. Rev. Stat. 1979, ch. 122, par. 10—22.4). One could contend that the decisions mentioned above could be explained as products of a direct clash between contract provisions and sections of the School Code.

However, all of those decisions are emphatic in stating that the school board may not give away discretion implicit in the statute, as well as duties literally required. Here, although the school district is not directed by statute to employ painters, or any other maintenance personnel, it is nonetheless empowered "to repair and improve school houses and furnish them with the necessary fixtures, furniture, apparatus, libraries and fuel * * *" (Ill. Rev. Stat. 1979, ch. 122, par. 10—22.7) and to contract to have this work performed (Ill. Rev. Stat. 1979, ch. 122, par. 10—20.21). The broad language of these provisions gives rise to discretion in the school district to hire and fire maintenance personnel.

If it is given that this discretion exists, then it follows that the contractual provision at issue in this case significantly curtails that discretion and is therefore unenforceable. Under that paragraph, the board must defer to the Union's determination of "good standing" and must discharge any employee who fails to maintain that status. In effect, this places the body of union rules and regulations and the interpretation given them by union officials above the school board's decision to retain an employee. It removes from the board, and therefore from public control, a significant element of discretion in selecting its maintenance personnel. The School Code placed the complete responsibility for repairing and maintaining schools in the hands of an elected school board and to require the board to fire maintenance employees who do not keep in "good standing" with their local would allow that board to bargain

away from public view some of the reasons for the dismissal of school employees.

For these reasons, the paragraph at issue in this case is invalid and unenforceable as contrary to the policy expressed in the School Code. We do not pass judgment on any other provision in the body of the agreement. The judgment of the circuit court of St. Clair County declaring the quoted paragraph valid and ordering the distribution of money, previously deposited with the court, in accordance with that declaration, is hereby reversed.

Reversed.

HARRISON, J., concurs.[1]

Mr. JUSTICE KARNS, specially concurring:

While I concur in the result reached in the majority opinion, I have considerable doubt that article 7, section 10(a) of the Illinois Constitution of 1970 has any bearing on the issue before us in this case. Section 10 of the Constitution of 1970 is entitled "Intergovernmental Cooperation." During the closing hours of the constitutional convention (see 5 Record of Proceedings, Sixth Illinois Constitutional Convention 4444—46), the penultimate sentence was added to section 10(a). This sentence empowers school districts and non-home-rule units of local government to exercise certain powers they might not otherwise possess in contracting and associating with "individuals, associations, and corporations in any manner not prohibited by law or by ordinance." Admittedly, this would appear to have no necessary relationship to governmental cooperation, but considering the discussion during the debates of the convention when this language was added to section 10, some caveat should be expressed whether it was intended to affect the power of a school district to contract away its power to employ and discharge its own employees.

---

[1] Hon. Moses W. Harrison II replaces Hon. Dorothy W. Spomer, who retired after oral argument.