BOARD OF TRUSTEES OF COMMUNITY DISTRICT NUMBER 513, Plaintiff and Counterdefendant-Appellee, *v.* DALE KRIZEK *et al.*, Defendants-Appellants.—(Dale Krizek, Counterplaintiff-Appellant.)

Third District No. 82—350

Opinion filed March 10, 1983.

STOUDER, P.J., specially concurring.

J. Dale Berry, of Cornfield and Feldman, of Chicago, for appellants.

Bruce C. Mackey, of Klein, Thorpe and Jenkins, of Chicago, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This litigation concerns the termination from employment of Dale Krizek, a nontenured community college teacher, by her employer, the Board of Trustees of Community College District No. 513 (the Board). Following a hearing by the circuit court of La Salle County, it was determined that the termination did not breach the employment contract between Krizek and the Board, nor did the termination fail to comply with the statute creating certain rights of tenure for community college teachers. Krizek has appealed, urging that the determinations of the circuit court were erroneous.

We are presented with the following factual background: Krizek began employment with the Board in January 1978 as an art teacher. She was employed continuously from that time until she received her notice of termination dated August 20, 1980, to be effective December 19, 1980. Krizek's most recent professional contract with the Board was executed on May 16, 1979, and provided for employment during the academic year commencing on August 21, 1979, and ending on

May 16, 1980; however, teachers in District 513 were represented by the American Federation of Teachers Local 1810, and terms of a collective bargaining agreement entered into on August 20, 1980, were applicable to employment contracts for the 1980-1981 academic year.

That collective bargaining agreement provided, in pertinent part, that

"It shall be the responsibility of the President and the Dean of Instruction in consultation with the Division Chairman to review annually the status of each teacher who does not have tenure, and make recommendations to the Board regarding dismissal or granting of tenure for each teacher whose status calls for a decision.

Notice shall be given in writing (and transmitted by Certified Mail, Return Receipt Requested) to the teachers and to the Board, of intention not to recommend reappointment. Starting during the 1973-74 academic year, such notices shall be given not later than March 1 of any of the probationary years of service. For the 1972-73 academic year, the tenure provisions of the 1971-72 contract shall prevail. Tenure appointments are initiated by the Division Chairman in consultation with the Dean of Instruction and the President. The President recommends candidates for tenure to the Board, and the Board action is final.

\* \* \*

Teachers presently employed by the College may continue to earn tenure in accordance with this Article, however, all dates and time lines for modification of reduction in force or nonrenewal of contract shall be in accordance with the Community College Tenure Act. This entire Article of the contract will be deleted on January 1, 1983."

Krizek urges that the notice provisions of this collective bargaining agreement were not complied with, and therefore the Board's action to terminate her employment was ineffectual.

During the course of the 1979-1980 academic year, legislation codifying the tenure rights of community college teachers became effective. On November 11, 1979, the General Assembly enacted the Public Community College Act. This act became effective on January 1, 1980. The Act requires that

"Every Board shall provide by rule or contract for a procedure to evaluate the performance and qualifications of non-tenure faculty members. If the implementation of such procedure results in a decision to dismiss a non-tenure faculty member for

the ensuing school year or term, the Board shall give notice thereof to the faculty member not later than 60 days before the end of the school year or term. The specific reasons for the dismissal shall be confidential but shall be issued to the teacher upon request. If the Board fails to give such notice, within the time period, the faculty member shall be deemed reemployed for the ensuing school year. If the Board fails to give such notice within the time provided during the third year, or during the fourth year in the case of a one year extension, the faculty member shall enter upon tenure during the ensuing school year or term." (Ill. Rev. Stat. 1981, ch. 122, par. 103B—3.)

In the alternative, Krizek urges that even if the notice provisions of the collective bargaining agreement are not applicable, then the Board's action to terminate her was still ineffectual as the evaluation procedures required by the Public Community College Act were not followed.

Subsequent to her termination, Krizek sought to submit to arbitration her grievance against the Board. The Board filed the present action in the circuit court naming Krizek and the American Federation of Teachers, Local 1810, as defendants and seeking a determination by declaratory judgment that the grievance was not subject to arbitration. Krizek filed a countercomplaint for declaratory judgment and for money damages. Both Krizek and the Board sought a judgment on the pleadings, and the Board moved for summary judgment. It was in this posture that the matter was submitted to the circuit court, which made the determinations hereinbefore reported and entered a summary judgment for the Board.

Krizek's first contention is that the Board failed to give notice of termination prior to March 1, 1980, and therefore the notice given was unavailing. Although the collective bargaining agreement for the 1979-1980 academic year is omitted from the record, the pleadings establish that an identical notice provision existed in the 1979-1980 document, except for the following language which was added in 1980-1981:

"Teachers presently employed by the College may continue to earn tenure in accordance with this Article, however, all dates and time lines for modification of reduction in force or nonrenewal of contract shall be in accordance with the Community College Tenure Act. This entire Article of the contract will be deleted on January 1, 1982."

It is not disputed that the August notice issued by the Board failed to meet the contractual notice requirements, but the Board urges that

the statutory notice requirements of paragraph 103B—3 superceded contrary contract provisions on January 1, 1980.

 Clearly, the 1980-1981 agreement contemplates the superceding effect of the statutory notice requirements, but no similar transition clause is found in the 1979-1980 agreement. Krizek posits, in reliance on *Anderson v. Board of Education* (1945), 390 Ill. 412, 61 N.E.2d 562, that to retroactively apply the statute to supercede the collective bargaining agreement would be an impermissible impairment of contract. While the Board differs with this position, we find it unnecessary to decide the issue in light of language found in the professional contract executed by Krizek on May 16, 1979. That contract specifically incorporates present and future laws of the State of Illinois and makes those laws binding on the parties. Nothing prevents the parties to a contract from agreeing to be bound with reference to future laws (*People ex rel. Platt v. Wemple* (1889), 117 N.Y. 136, 22 N.E. 1046; *Neuman v. Supreme Lodge, Knights of Pythias* (1915), 110 Miss. 371, 70 So. 241), and we agree with the Board that such is the agreement appearing in the professional contract. It follows then that the rule announced in the *Anderson* decision is not controlling under these facts, and that the notice requirements of the statute superceded the contract on January 1, 1980. Indeed, the statutory requirements for terminating nontenured teachers completely superceded any contrary or supplementary requirements in the collective bargaining agreement, as the statutory power to terminate cannot be delegated, modified or conditioned by agreement. *Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 430 N.E.2d 1111.

Krizek's second contention is that even if the Board's termination notice was timely given, it failed to comply with the statute in that the evaluation procedures were not performed. Specifically, the evaluation procedure states that

"In case of a decision not to rehire, the Dean of Instruction and Division Chairperson shall consult with the individual in question in advance of the notification dates referred to in the faculty agreement."

This consultation was admittedly not held. In other respects, it would appear that the evaluation procedures were complied with.

As a result of the evaluations, Krizek's personnel file contained both favorable and unfavorable evaluations, although predominantly the former rather than the latter. Thus, Krizek contends that her termination could not have been based upon the prevailing tenor of the evaluations. Having reviewed these contentions, we cannot agree that

the Board's termination notice failed to comply with the statute. We reach this conclusion in light of prior decisions of the supreme court, and after considering the fundamental policies underlying the tenure laws.

First, in *Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 430 N.E.2d 1111, *Board of Trustees v. Cook County College Teachers Union, Local 1600* (1976), 62 Ill. 2d 470, 343 N.E.2d 473, and *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127, 340 N.E.2d 7, the supreme court has made unmistakably clear that when a governing board is vested with the power to grant tenure, or to not renew, then the governing board cannot delegate, modify or condition its final authority to make such decisions. Although the statute here in question differs slightly from the one at issue in the prior cases, there is no variation from the essential factor relied on in those cases, *i.e.*, the governing board's ultimate authority on tenure questions. There can be no dilution of the board's authority whether the evaluation of teachers is mandated by contract or by statute. It follows then that the power to grant tenure cannot be conditioned upon the decision of an administrator to make a recommendation or hold a consultation, nor can the power be limited by the preponderance of opinion of evaluators, even though their evaluations may be conducted at the behest of the board. So long as a procedure for evaluation has been implemented, and the results of those evaluations are available to the board, we believe that compliance with the statute has been achieved, and any subsequent decisions to terminate ordered by the board are statutorily sound.

We are mindful that the tenure laws represent an elaborate balance between the need to maintain the quality of schools and the opposing interest in job security. (*Board of Education v. Chicago Teachers Union, Local 1* (1981), 88 Ill. 2d 63, 77-78 (Simon, J., dissenting).) In striking that balance, the legislature has crafted a system where there appears to be unlimited power in boards to dismiss probationary teachers at the board's discretion while the power to dismiss tenured teachers is considerably restricted. (*Lockport Area Special Education Cooperative v. Lockport Area Special Education Cooperative Association* (1975), 33 Ill. App. 3d 789, 338 N.E.2d 463.) We perceive Krizek's position as an attempt to erode the area of the board's discretion by injecting elements of cause into the board's decision to terminate. Inasmuch as this is repugnant to the policy embodied in the statute, we decline to adopt the statutory construction proffered by Krizek.

Finally, in her brief Krizek raises a constitutional issue con-

cerning infringement of her right to due process. Although the Board seeks to have those portions of the brief stricken as representing theories not pursued in the court below, we hereby deny the motion to strike, but dismiss the substantive issue raised by Krizek as without merit, relying on the authority of *Board of Trustees v. Cook County College Teachers Union, Local 1600*, which presented the same question for review in a factually indistinguishable setting.

We conclude, then, that the decision of the circuit court of La Salle County was correct, and its judgment should be affirmed for the reasons we have set forth.

Affirmed.

ALLOY, J., concurs.

PRESIDING JUSTICE STOUDER, specially concurring:

I concur in the opinion of my colleagues although I feel constrained to note that the interpretation and application of the statutory scheme of termination of nontenured teachers may not have been that intended by the legislature.

The statute which is applied in this case interjects a new concept which may or may not have been intended by the legislature. Formerly periods of employment were usually delineated to end with the school year, and notices or acts required to be done at special times were so described in terms of the end of the school year or at particular calendar dates during the year. The present statute describes the periods with reference to the school year or the end of the term both as applied to termination and tenure. We have here applied the rule regarding termination to apply at the end of a term in the middle of the school year even though all of the facts which would have apparently been necessary to determine whether the teacher should be retained were known or should have been known prior to the end of the previous school year. By this application the teacher is notified of her termination even before the term commences, a consequence which I am not sure was intended by the legislature. Consistent with this interpretation it also now appears that a teacher employed in the middle of a school year may obtain tenure in the middle of the school year since the necessary 3- or 4-year period of time need not expire at the end of a school year but may expire at the end of a term. However, I do agree with the majority's application of the statute and assume it was what the legislature intended from the language employed.