BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 508, Plaintiff-Appellee, v. THE COOK COUNTY COLLEGE TEACHERS UNION, LOCAL 1600, AFT, AFL-CIO, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 85—0166

Opinion filed December 24, 1987.—Rehearing denied April 22, 1988.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellants.

Murray & Girard, Ltd., of Chicago (Michael J. Murray and Richard E. Girard, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

This is an interlocutory appeal from an order of the circuit court of Cook County which enjoined defendant, the Cook County College Teachers Union, Local 1600, AFT, AFL-CIO (the Union), from pursuing arbitration proceedings to set aside the discharge of Affaf Mohammed, a union member and a probationary nontenured teacher of the City Colleges of Chicago assigned to Loop College. Plaintiff, the Board of Trustees of Community College District No. 508 (the Board), met on February 7, 1984. The Board's report 9770 terminating Mohammed's services as a teacher was presented to and adopted by the Board. The termination was to become effective on May 12, 1984.

On March 27, 1984, the Union filed a grievance with the Board pursuant to the procedures in the collective bargaining agreement between the Union and the Board. The collective bargaining agreement provided that when a grievance could not be resolved, a request for arbitration was to be made. The collective bargaining agreement defined a "grievance" as a complaint that there has been a violation, misrepresentation or inequitable application of any of the provisions of the collective bargaining agreement. The grievance in this case concerns the notice of termination of employment of a faculty member embodied in section VIII J 2 of the collective bargaining agreement, which provides:

"The decision to continue or to terminate the employment of a non-tenured faculty member shall be indicated to him in writing no later than February 15. Should the decision to terminate be indicated later than February 15, then said faculty member shall be offered one additional year of employment, which shall be the final year of employment."

The Union contends that there was noncompliance with the notice provision of the collective bargaining agreement because the Board did not notify Mohammed in writing of the termination of his employment before February 15 and therefore Mohammed was entitled to one additional year of employment or one year's pay under the provision of the collective bargaining agreement. The Board, however, contends that the dismissal of a nontenured probationary faculty member is a discretionary, nondelegable power of the Board and therefore not subject to binding arbitration, in spite of section 10(b) of the Illinois Education Labor Relations Act (Ill. Rev. Stat., 1983 Supp., ch. 48,

par. 1710(b)). We agree and we affirm.

Section 10(b) of the Illinois Education Labor Relations Act became effective on January 1, 1984, and provides:

"The parties to the collective bargaining process may effect or implement a provision in a collective bargaining agreement if the implementation of that provision has the effect of supplementing any provision in any statute or statutes enacted by the General Assembly of Illinois pertaining to wages, hours or other conditions of employment ***." (Ill. Rev. Stat., 1983 Supp., ch. 48, par. 1710(b).)

Section 103B—3 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 103B—3) provides that nontenured probationary faculty members are to be given 60 days' notice of termination before the end of the school year or term. Said section reads as follows:

"If the implementation of such procedure results in a decision to dismiss a non-tenure faculty member for the ensuing school year or term, the Board shall give notice thereof to the faculty member not later than 60 days before the end of the school year or term." (Ill. Rev. Stat. 1983, ch. 122, par. 103B—3.)

It is undisputed that the Board complied with this notice requirement of section 103B—3 to Mohammed.

Although the record does not reflect the date that the 1982-84 collective bargaining agreement was entered into between the Board and the Union, the record does reflect that the agreement was entered into prior to the January 1, 1984, effective date of section 10(b). Section 10(b) cannot be given retroactive application unless there is a clear expression from the legislature that it intended such a result. (*Kapsalis v. Board of Fire & Police Commissioners* (1986), 143 Ill. App. 3d 465, 473, 493 N.E.2d 56.) There is no such legislative expression and therefore there is no need to determine whether the employment termination requirements of section VIII J 2 of the preexisting collective bargaining agreement supplemented the 60-day notice requirement of section 103B—3 within the purview of section 10(b) of the Illinois Education Labor Relations Act.

■■■ It has been clearly established that when the legislature has given a community college board of trustees discretionary powers to rehire or terminate a nontenured teacher (Ill. Rev. Stat. 1983, ch. 122, pars. 103—30, 103—42), the power may not be delegated. (*Fleischer v. Board of Community College District No. 519* (1984), 128 Ill. App. 3d 757, 761, 471 N.E.2d 213; *Illinois Education Association v. Board of Education* (1975), 62 Ill. 2d 127.) Just as a school board cannot abrogate the procedural safeguards accorded tenured teachers,

neither can the Board, by means of a collective bargaining agreement, destroy the flexibility accorded the Board with respect to the dismissal of nontenured teachers. (*Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 332 N.E.2d 416.) It follows then that the power to grant tenure cannot be conditioned upon the decision of an administrator to make a recommendation or hold a consultation, nor can the power be limited by the preponderance of opinion of evaluators, even though their evaluations may be conducted at the behest of the Board. (*Board of Trustees v. Krizek* (1983), 113 Ill. App. 3d 222, 446 N.E.2d 941; *Fleischer v. Board of Community College District No. 519* (1984), 128 Ill. App. 3d 757, 762.) Therefore, the ultimate decision whether to dismiss a teacher is a duty which rests upon the Board of Education (Ill. Rev. Stat. 1983, ch. 122, par. 10—22.4) and the Board may not, by means of a collective bargaining agreement, delegate or limit the power to dismiss granted it by the General Assembly. (*Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 76.) We hold that the notice provision of section 103B—3 was neither supplemented nor augmented by the provisions of section VIII J 2 to the collective bargaining agreement. The statutory notice requirements for terminating Mohammed, a nontenured teacher, completely superseded any contrary or supplementary requirements in section VIII J 2 of the collective bargaining agreement, as the statutory power to terminate cannot be delegated, modified or conditioned by agreement. (*Board of Trustees v. Krizek* (1983), 113 Ill. App. 3d 222, 226.) Mohammed's termination as a probationary nontenured teacher, having been effected in compliance with the notice provisions of section 103B—3 of the School Code, was valid. Therefore we affirm.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.