BOARD OF EDUCATION, ARGO COMMUNITY HIGH SCHOOL DISTRICT No. 217, COOK COUNTY, Plaintiff-Appellee, v. ROBERT CHRISTENSEN et al., Defendants-Appellants.

(No. 60712;

First District (4th Division)—June 25, 1975.

Kleiman, Cornfield and Feldman, of Chicago, for appellants.

Scariano and Gubbins, of Chicago Heights, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendants, Robert Christensen and the Argo Teachers' Union Local 2054, American Federation of Teachers, AFL-CIO, appeal from an order of summary judgment entered by the Circuit Court of Cook

County on May 28, 1974, in favor of the plaintiff, Board of Education, Argo Community High School District Number 217, Cook County, Illinois.

The issue presented for review is whether article IV of the collective bargaining agreement prohibits the arbitration of a decision of the Board not to reemploy a nontenured teacher, when there is an allegation of a procedural violation.

On March 29, 1973, Robert Christensen, a nontenured teacher in his last probationary year, was notified by the Board that he would not be reemployed for the 1973-1974 school year. On April 18, 1973, Christensen and the Union filed a grievance with the Board alleging that "the teacher evaluation procedure has not been carried out according to the terms of the contract." No specific violation of the procedures was stated. The remedy sought was the continued employment of Christensen.

Following a hearing the Board denied the grievance, and on July 17, 1973, the Union filed a demand for arbitration. On September 26, 1973, the Board responded by filing this law suit pursuant to the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1973, ch. 10, § 102(b)) and the declaratory judgment statute (Ill. Rev. Stat. 1973, ch. 110, § 57.1).

The defendants filed a motion to dismiss and to order arbitration, and on December 3, 1973, the court denied the motion. The Board then filed a motion for summary judgment, and on May 28, 1974, the court entered an order granting the motion, finding that there was no agreement to arbitrate the grievance. The defendants appeal from that judgment.

The defendants contend their grievance concerns teacher evaluation, a procedural matter, which is subject to arbitration under section 1(a) of article V of the collective bargaining agreement which provides as follows:

> "No teacher shall be refused tenure status unless the above evaluation procedure has been substantially followed and every reasonable effort has been made by the administration to assist the teacher to improve, with which efforts the teacher shall cooperate. The above evaluation procedure shall apply to non-tenure teachers only."

It is the position of the defendants that "arbitrability issues should not be decided by a Chancellor *ab initio* but should be submitted to the arbitrator for initial decision with judicial review reserved should a party contend that the arbitrator has exceeded his legal authority." *Board of Education v. Johnson* (1974), 21 Ill.App.3d 482; *Board of Education v. Champaign Education Association* (1973), 15 Ill.App.3d 335; *School District No. 46 v. Del Bianco* (1966), 68 Ill.App.2d 145.

The plaintiff contends the contract unambiguously provides that the

Board's decision to terminate a teacher at the end of his probationary period is not subject to arbitration. Article IV, section 2 of the contract states:

> "If the Board declines to rehire a non-tenure teacher, notifies such teacher of pending discharge, or does discharge such teacher, the teacher affected shall have the right to file a grievance at the third step [a hearing before the Board], but such grievance shall not be arbitrated."

The issue then, is whether the dispute arises under article V as claimed by the defendants, or under article IV as claimed by the plaintiff. Although a violation of article V was alleged, no specific acts were complained of, and the remedy sought was continued employment, a substantive remedy, rather than a corrected evaluation procedure. Upon being questioned from the bench on oral argument, the attorney for the defendants stated that Christensen had, in fact, been evaluated and had passed with "flying colors." It appears that the Board was fully aware of his evaluation, but made their decision to terminate for reasons within their discretion. Under the contract, the evaluations are only advisory and are not binding on the Board.

The collective bargaining agreement negotiated by the Union provides an exclusive remedy for a nontenure teacher who has not been given a new contract at the end of his probationary period, that of a hearing before the Board. Such a hearing was requested by Christensen and accorded to him. We do not believe he can then avail himself of the arbitration procedures merely by making a bare allegation of a violation of article V without supporting facts. Neither can he request a substantive remedy to cure an alleged procedural defect. An arbitrator is without authority to grant the defendant a contract after his last probationary year, because that would entitle him to tenure, an invasion of the province of the Board under articles IV and IX of the contract. Under article IX, the Board retains the right "to hire all employees and, subject to the provisions of the law, to determine their qualifications, and the conditions for their continued employment, or their dismissal or demotion, their assignment, and to promote and transfer all such employees." In the case of *Board of Trustees v. Cook County College Teachers Union*, 22 Ill.App.3d 1060, 1064, decided by this court on September 25, 1974, we stated:

> "Under the position taken by the union, that an arbitrator may award contracts to cure a defect in procedure, the Board is denied the opportunity to cure the defect in the recommendation procedure and reevaluate the faculty member after a defect-free

procedure. Under such a rule, defects in the system would be the best thing that could happen to a faculty member."

■■ It is well settled that in construing a contract, the primary objective is to give effect to the intent of the contracting parties. (*Illinois Education Association v. Board of Education* (1974), 23 Ill.App.3d 649; *One Hundred South Wacker Drive, Inc. v. Szabo Food Service, Inc.* (1973), 14 Ill.App.3d 438.) We do not believe it was the intent of the parties to allow a teacher to do indirectly what he is expressly prohibited from doing directly. We hold that the clear language of article IV must be given effect.

■■ The defendants rely on the cases of *Classroom Teachers Association v. Board of Education* (1973), 15 Ill.App.3d 224; *Illinois Education Association v. Board of Education* (1974), 23 Ill.App.3d 649; and *Board of Trustees v. Cook County College Teachers Union* (1974), 22 Ill.App. 3d 1060, for the proposition that an arbitrator can adjudicate the question of whether a school board has complied with its agreement to follow specified evaluation procedures. These cases are inapposite for the reason that in none of them was there an express agreement not to arbitrate as there is in the instant case.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and JOHNSON, JJ., concur.