PROVISO COUNCIL OF WEST SUBURBAN TEACHERS UNION, LO-CAL 571, *et al.*, Plaintiffs-Appellants, v. BOARD OF EDUCATION, PRO-VISO TOWNSHIP HIGH SCHOOLS, DISTRICT 209, Defendant-Appellee.

First District (1st Division)   No. 86—3255

Opinion filed September 8, 1987.

Cornfield & Feldman, of Chicago (Jacob Pomeranz, of counsel), for appellants.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (John B. Murphy, of counsel), for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

The plaintiffs, Proviso Council of West Suburban Teachers Union, Local 571 (union) and union member John Spaulding (Spaulding) appeal the decision of the circuit court of Cook County granting summary judgment to the defendant board of education, Proviso Township High Schools, District 209 (board). The plaintiffs' complaint had alleged that the board breached a collective bargaining agreement (CBA) with the union by its decision to "honorably" dismiss Spaulding and retain another teacher with equal seniority, following the board's administrative decision that declining enrollment necessitated a reduction in staff. The complainants contended that the procedure employed by the board in choosing between the two teachers was immoper.

Both Spaulding and the retained teacher, Robert Kruse (Kruse), were tenured at the time of the discharge determination. The board had first hired Spaulding for a social studies teaching position in the academic year 1972-73. Kruse also began his employment with the district in 1972-73. However, Kruse was originally assigned to the physical education department and did not transfer to the social studies department until the 1976-77 school year. Kruse had a good attendance record and taught a full load of courses each year. Spaulding, on the other hand, was granted a disability leave for the 1979-80 academic year and, when he returned, requested and was granted five study halls and only one teaching assignment in the department. The superintendent recommended that the board effect a reduction in teaching staff for the 1981-82 school year through the retention of Kruse as a social studies teacher with "crossover" capability to the physical education department and the honorable discharge of Spaulding.

The board voted to follow the superintendent's recommendation to dismiss Spaulding and another teacher on March 16, 1981. On March 17, 1981, the board sent a letter to Spaulding advising him of their decision not to offer him a position for the 1981-82 school year. In accordance with the CBA, Spaulding filed a grievance with the superintendent through his union representative concerning his dismissal. The superintendent denied the grievance filed by Spaulding and, in accordance with the grievance procedures set out in the CBA, communicated his decision to Spaulding together with supporting reasons in a letter dated March 31, 1981. Although acknowledging that Spaulding had superior academic preparation, in his decision letter of March 31, 1981, the superintendent focussed on the greater versatil-

ity of Kruse's "crossover" capability, noting Kruse was qualified to teach either physical education or social studies while Spaulding was only qualified to teach social studies.

Where a board must choose between two tenured teachers for a single position, the Illinois School Code specifically provides for the situation as follows:

"As between teachers who have entered upon contractual continued service, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first *unless an alternative method of determining the sequence of dismissal is established in a collective bargaining agreement or contract between the board and a professional faculty members' organization* \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 122, par. 24—12.)

The CBA in effect at the time of Spaulding's discharge did include a bargained-for alternative procedure for the board to follow in the event of an administrative decision to reduce teaching staff. It provided:

"In the event of a reduction in teachers, for any reason, the rule of district seniority within the subject area being reduced shall be the sole determining factor. [Collective Bargaining Agreement (CBA), art. VIII (E)(4).]

\* \* \*

Should a conflict arise concerning two teachers with identical seniority, the superintendent shall pick the teacher with the best qualifications for the available position. [CBA, art. VIII (E)(9).]"

The parties to this appeal agree that Spaulding and Kruse had identical seniority, which, under the terms of the CBA, gave the superintendent the power to select and retain the "better qualified" teacher. After Spaulding was honorably discharged and the superintendent denied his grievance, the union pursued the final step in the grievance procedure and filed an appeal with the board. Subsequently, in a letter dated April 27, 1981, the board also denied the grievance for the reasons set forth in the superintendent's letter of March 31.

Following the exhaustion of his grievance remedies under the CBA, Spaulding and the union invoked the impasse procedure. The CBA provided that if, after invoking the grievance procedures, a party believes a grievance has not been satisfactorily resolved it could submit the grievance to an impasse board consisting of three appointed members and that: "[t]he findings or recommendations of the Impasse Board shall be received in good faith by both parties." The

CBA provided that the impasse board had authority to resolve all impasses strictly on the basis of the terms of the existing contract and consistent with the applicable laws (CBA, art. VII, sec. D). The Union sent notice of impasse to the board, but rather than appoint an impasse board as provided in the CBA, the parties agreed among themselves to submit the grievance to an independent arbitrator. The mutually chosen arbitrator held a hearing concerning the impasse on May 18, 1982, and, subsequently, issued an award in favor of the union and Spaulding on October 29, 1982.

The written findings of the arbitrator concurred with the board that both Kruse and Spaulding had equal seniority, but in construing the CBA mandate that the superintendent choose the "better qualified" of the two tenured teachers, the arbitrator found that the superintendent's evaluation of relative qualifications was arbitrary and unreasonable. The arbitrator specifically found that the board's emphasis on the "crossover" factor resulted in the retention decision's being tipped in favor of the teacher best suited "for the Administration's scheduling needs" rather than the teacher "with the best qualifications *for the available position*" as set out in the CBA. CBA, art. VIII (D).

The arbitrator thus concluded that the superintendent had given undue emphasis to Kruse's crossover capability to the exclusion of other relevant considerations. The arbitrator then determined that a limited reconsideration process was necessary to vindicate Spaulding's bargained-for rights under the CBA, stating:

> "This type of emphasis on one characteristic to the virtual exclusion of other factors is arbitrary and unreasonable. While it is not an arbitrator's province to substitute his judgment for that of an administrator's during an evaluation and selection process, it is an arbitrator's duty to examine the process to see if it was conducted fairly and in accordance with contractual guidelines. While it is apparent that many factors must be considered in evaluating comparative qualifications, fairness dictates that one factor not be given overwhelming weight." (Arbitrator's report.)

The arbitrator sustained the plaintiff's grievance on the basis of his finding of this defect in the superintendent's procedure for choosing the better qualified teacher. He granted the plaintiff a limited award which directed the board to reconsider the plaintiff's grievances and to follow the proper procedure in determining the "better qualified" of the two tenured teachers.

On February 15, 1983, following a second evaluation in which the

superintendent stated that he employed the procedures set out in the arbitration award, he again sent a letter to Spaulding and the union affirming his earlier decision to retain Kruse while honorably discharging Spaulding. The union and Spaulding then filed the instant suit in the circuit court of Cook County on September 20, 1983, alleging breach of contract and seeking reinstatement of Spaulding. In addition, they sought full compensation for the wages and other benefits lost from the date of Spaulding's alleged wrongful discharge.

The parties filed cross-motions for summary judgment and a consolidated hearing was held. After considering the arguments of both parties, the trial court determined that the board's honorable discharge of Spaulding, after the arbitrator sustained the union grievance, was a breach of neither the CBA nor of applicable law. The court found that the arbitration clause in the CBA (CBA, art. VII (D)) provided that the impasse board was without the power or authority to make any decision contrary or inconsistent with the terms of the contract, and that the contract only required that the impasse board's findings be accepted by both the union and the board in good faith. Furthermore, the trial court found it was implicit in the arbitrator's decision on impasse that "the superintendent would now reconsider his decision in light of the broader criteria, and that would be the end of it." Accordingly, the trial judge concluded that, while the arbitration process was not binding on the parties, the superintendent had reevaluated his decision in view of the expanded criteria set out in the award, his actions were in good faith, and hence there was no breach of any contract terms which would sustain the plaintiffs' cause of action. On this basis, the trial court found that the defendant board was entitled to summary judgment.

Plaintiffs, in this appeal of the trial court's order granting the board's motion for summary judgment, contend that a fair reading of the award mandated reinstatement, not reevaluation, because the board was directed to "take appropriate action to remedy this violation." Thus, plaintiffs ask that the cause be remanded to the arbitrator for an order transferring Kruse back to the physical education department and reinstating Spaulding as the "better qualified" social studies teacher, or, at the very least, a clarification of the arbitrator's decision based on a finding that the award is ambiguous. The board, on the other hand, argues here as it did below that the CBA cannot limit any of its discretionary powers, including the power to lay off teachers as permitted in the School Code. The board contends that the decision to retain Mr. Kruse over Mr. Spaulding is not reviewable because it is an "absolutely" discretionary decision. The board further

argues that, even if the grievance was arbitrable, it has complied with the findings of the arbitrator in "good faith" by conducting a second evaluation of the relative qualifications of Spaulding and Kruse. We concur with the Board's position and affirm the trial court's decision granting summary judgment to the board for the reasons that follow.

██▌ ▌ The issues presented by this appeal are whether the board's discharge determination is arbitrable under the CBA and Illinois law and, if so, whether the board breached the agreement in its decision reaffirming the discharge of Spaulding following the arbitrator's award which sustained Spaulding's grievance. It is well settled in Illinois that school boards have the authority to enter into valid and binding collective bargaining agreements with public employee unions. (*Perlin v. Board of Education* (1980), 86 Ill. App. 3d 108, 407 N.E.2d 792; *Classroom Teachers Association v. Board of Education of the United Township High School District No. 30* (1973), 15 Ill. App. 3d 224, 304 N.E.2d 516.) Thus, we initially note that the CBA, including its grievance and nonbinding arbitration provisions and the procedure for selecting between equally senior teachers for a single position, is, accordingly, a valid agreement under Illinois law. (See *Chicago Division of the Illinois Education Association v. Board of Education* (1966), 76 Ill. App. 2d 456, 472, 222 N.E.2d 243, 251.) Courts will enforce a contract that requires the board to follow certain procedures where those procedures are consistent with ordinary concepts of fairness and were the result of collective bargaining. (*Classroom Teachers Association v. Board of Education of the United Township High School District No. 30* (1973), 15 Ill. App. 3d 224, 228, 304 N.E.2d 516, 520.) Hence, contrary to the board's contentions, any grievance filed concerning the board's failure to comply with such valid CBA procedure is arbitrable. *Board of Education, North Palos Elementary School District No. 117 v. Williams* (1983), 118 Ill. App. 3d 256, 265, 454 N.E.2d 773, 779.

██▌ ▌ While we have found that Spaulding's grievance regarding the selection process was subject to arbitration, we further note, however, that under the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 24—1 *et seq.*), local school boards, such as the defendant here, nevertheless retain the complete power and authority to transfer a teacher to any position which the teacher is qualified to fill (Ill. Rev. Stat. 1985, ch. 122, par. 24—11), and to reduce teaching staff through layoffs whenever it is economically necessary in the board's judgment (Ill. Rev. Stat. 1985, ch. 122, par. 24—12; *Board of Trustees of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600* (1974), 22 Ill. App. 3d 1060, 318 N.E.2d 193, *rev'd on other*

*grounds* (1976), 62 Ill. 2d 470, 343 N.E.2d 473). Also, the board's determinations of individual teacher qualifications and seniority are, contrary to Spaulding and the union's assertions, exempt from arbitration because these decisions properly require the educational expertise of the school board. *Board of Trustees of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600* (1980), 87 Ill. App. 3d 246, 249, 408 N.E.2d 1026, 1030.

Thus, even where, as here, the board agrees to follow certain procedural limitations in making its decision, "the act of determining qualifications itself cannot be subjected to binding arbitration, for whether or not a teacher is qualified is the ultimate issue which the Board in its discretion must decide." *Lockport Area Special Education Cooperative v. Lockport Area Special Education Cooperative Association* (1975), 33 Ill. App. 3d 789, 793-94, 338 N.E.2d 463, 466. See also *Board of Education of Rockford School District No. 205 v. Rockford Education Association* (1986), 150 Ill. App. 3d 198, 501 N.E.2d 338.

The case which plaintiffs cite in support of their argument that the grievance should be remanded to the arbitrator, *United Steelworkers of America v. Enterprise Wheel & Car Corp.* (1960), 363 U.S. 593, 4 L. Ed. 2d 1424, 80 S. Ct. 1358, involved a collective bargaining agreement that mandated binding arbitration and expressly provided the remedy of reinstatement and back wages in the event of a discharge in violation of the agreement. Accordingly, *United Steelworkers* is readily distinguishable from the case at bar, where the parties had not contracted for either binding arbitration or a reinstatement remedy. Moreover, *United Steelworkers* involved a private employer which could legally bind itself to such provisions, unlike the public employer in the case before the court which, under the School Code in effect at the time, could not.

The only other authority which plaintiffs cite to in support of their remand argument, *Board of Trustees of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600* (1981), 96 Ill. App. 3d 913, 442 N.E.2d 115, is so factually unique that its holding cannot be applied to these facts. In *Board of Trustees*, four departments were merged and three of the four former department heads filed grievances. The grievances were submitted to arbitration, hearings were held, and an initial decision was issued. Some five months later, a clarification decision was issued in which the arbitrator expressly reserved his jurisdiction to determine individual awards if the parties could not agree on the date that consolidation was accomplished. The board subsequently sought to enjoin the union from going

back to the arbitrator to resolve the asserted contradiction in the dates set out in the arbitrator's first two reports and determine the date he intended to apply to a particular grievant there. The court ordered the cause remanded to the arbitrator in that instance but, as noted, because of the particular factual and procedural matters in that case, it fails to offer support for the plaintiffs' argument here that remandment to the arbitrator is required.

■ It should also be noted that where, as here, the CBA fails to specify any guidelines for the weight to be accorded specific factors in determining the "better qualified" teacher, the arbitrator may not review the board's decision "as to the relative importance of each guideline in the ultimate decision," for such a procedure would effectively substitute the arbitrator's judgment for that which the legislature has delegated to the board. In *Board of Education, South Stickney School District 111 v. Johnson* (1974), 21 Ill. App. 3d 482, 494, 315 N.E.2d 634, 643, a tenured teacher was involuntarily transferred between schools in the same district and sought arbitration of her grievance under a CBA. The school board filed suit seeking a stay of arbitration on the grounds that there was no basis for arbitration since the action was entirely within the discretion of the board and there were no factors in the board's decision that were subject to review. The appellate court agreed and upheld the trial court's decision granting the board's summary judgment motion. Here, as in *Johnson* and *Rockford Education Association*, the CBA did not specify any weight to be accorded the factors involved in choosing the "better qualified" teacher; thus, the ultimate decision concerning the "better qualified" teacher was not arbitrable and, accordingly, no valid purpose would be served in remanding this case to the arbitrator.

This court reached a similar result in *Board of Trustees of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600*, (1974), 22 Ill. App. 3d 1060, 318 N.E.2d 193, where two nontenured school teachers sought arbitration of the board's decision not to rehire them for the next school year. The arbitrator had attempted to grant employment contracts to the two teachers as a remedy for the board's failure to comply with the bargained-for evaluation procedure. The board filed suit in circuit court to vacate that portion of the award on the grounds that under the doctrine of nondelegability the legislature had vested hiring decisions solely in the board and, therefore, the arbitrator had exceeded his authority. The trial court agreed with the board and vacated that portion of the arbitration award that granted employment contracts to the teachers. This court affirmed, holding that an arbitrator cannot impinge on the discretionary power

of the board to award contracts and that the arbitrator was limited in his remedial powers to delineating defects in the recommendations procedure for which the board must be granted an opportunity to cure.

■▪■ In the case before this court the arbitrator found the initial discharge decision to be arbitrary because the superintendent, in making his recommendation to the board, did not follow the CBA procedure. The board's interpretation of the award as requiring reevaluation, not reinstatement, is correct because a substantive remedy cannot be demanded to cure an alleged procedural defect. (*Board of Education, Argo Community High School District No. 217 v. Christensen* (1975), 30 Ill. App. 3d 696, 332 N.E.2d 482; *Board of Trustees of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600* (1976), 62 Ill. 2d 470, 343 N.E.2d 634.) Even if the arbitration proceedings were binding here, substantive discretionary decisions such as the evaluation of teacher qualifications cannot be delegated (*Lockport Area Special Education Cooperative v. Lockport Area Special Education Cooperative Association* (1975), 33 Ill. App. 3d 789, 338 N.E.2d 463), and, in any event, the arbitrator could not have ordered reinstatement based on his reweighing of the teachers' qualifications.

■ Additionally, the superintendent here did conduct a second evaluation based on the arbitrator's findings and issued a second decision together with an expanded explanation of the qualification factors in support thereof. The decision was within the superintendent's powers under the CBA and the statute, and was not arbitrary or capricious, and, as the trial court found, was supported by "overwhelming evidence." Here, the trial court could not have found the board's findings to be contrary to the manifest weight of the evidence and, therefore, properly sustained the board's decision. See *Gilliland v. Board of Education of Pleasant View Consolidated School District No. 622* (1977), 67 Ill. 2d 143, 365 N.E.2d 322.

For the reasons set forth in this opinion, the judgment of the circuit court of Cook County which granted summary judgment to the defendant is affirmed.

Judgment affirmed.

O'CONNOR and MANNING, JJ., concur.