SILVER CROSS HOSPITAL, Plaintiff-Appellee, *v.* S. N. NIELSEN COMPANY *et al.*, Defendants—(S. N. NIELSEN COMPANY, Defendant-Appellant.)

(No. 72-206;

Third District—December 28, 1972.

Wayland B. Cedarquist, of Chicago, (Herschbach, Tracy, Johnson and Wilson, of counsel,) for appellant.

Richard T. Buck, of Joliet, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a declaratory judgment rendered by the Circuit Court of Will County, Illinois, which found that arbitration of an issue between the parties was not required by a construction contract, and stayed arbitration proceedings which the defendant had initiated.

The plaintiff, Silver Cross Hospital, had entered into a construction contract with S. N. Nielsen Company, a general contractor, to build a multi-million dollar addition to its facilities. During the course of construction rains fell which flooded the site and caused approximately $300,000 damage. Nielsen repaired the damage at its own expense, then served a demand for arbitration upon both Silver Cross and its architect. The architect obtained its dismissal from the arbitration proceedings for want of privity of contract. Silver Cross refused to arbitrate, claiming that the loss had to fall on either Nielsen or the architect, and it could in no event be liable, so it had no duty to arbitrate. Silver Cross brought this action for a declaratory judgment and an injunction to restrain Nielsen from proceeding with arbitration, judgment was rendered for the plaintiff as prayed, and Nielsen has appealed.

The issue presented for review is whether the terms of the construction contract required Silver Cross, owner of the property being improved, to submit to arbitration the issue of its liability to Nielsen, the general contractor, for water damage caused by the flooding of the property.

The contract contained a general arbitration provision, reading in part as follows: "It is mutually agreed that all disputes arising in connection with this contract shall be submitted to arbitration in accordance with the provisions of the current Standard Form of Arbitration Procedure of the American Institute of Architects and that all findings of fact by the arbitrators under this agreement shall be conclusive and binding on both parties."

The contract dealt specifically with water damage by providing: "Contractor shall at all times protect his excavation, trenches, and construction from damage by rainwater, springwater, ground water, backing up of drains or sewers, and all other water. He shall provide all pumping, equipment, and enclosures required for such protection. He shall also construct and maintain any temporary drainage necessary to direct or lead water away from his excavation. Building excavation and lowest floor shall be kept free of water at all times." It continued: "All work damaged by failure to provide protection shall be removed and replaced with new work at expense of Contractor."

The contract also included a general emergency provision: "In case of an emergency which threatens loss or injury of property, and/or safety of life, the Contractor shall act, without previous instructions from the Owner or Architect, as the situation may warrant. He shall notify the Architect thereof immediately thereafter. Any compensation claimed by the Contractor, together with substantiating documents in regard to expense, shall be submitted to the Owner through the Architect and the amount of compensation shall be determined by agreement or arbitration."

Nielsen argues that all disputes arising "in connection with" the contract are arbitrable, and liability for water damage is arbitrable.

Silver Cross maintains that liability of the owner to the contractor for water damage is not covered by the contract, so the dispute over its liability to Nielsen for water damage is not arbitrable.

■■ The Illinois Supreme Court has stated: "Despite the salutory [sic] purpose of our Arbitration Act, parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication." (*Flood v. Country Mutual Insurance Co.*, 41 Ill.2d 91, 94.) Furthermore, it has been held that a general provision for arbitration of all disputes arising in connection with a contract does not require arbitration of all disputes which might arise between the parties to the contract, but just those disputes which the parties by "crystal clear language" agreed to arbitrate. *Harrison F. Blades, Inc., v. Jarman Memorial Fund, Inc.*, 109 Ill.App.2d 224.

It was held in *Blades* that an agreement to arbitrate damages to an owner caused by a contractor's changes and delays could not be read as an agreement to arbitrate damages to the contractor caused by the owner's changes and delays. The court considered that the subject matter which the parties had agreed to arbitrate was not simply liability for changes and delays, but rather, the liability of the contractor for changes and delays, as distinguished from the liability of the owner for changes and delays.

■■ It is our opinion that under the rule of *Blades*, Silver Cross did not agree to arbitrate its liability to Nielsen for water damage, because the contract provisions spoke only of the contractor's responsibilities with respect to water, and made no reference to any responsibilities of the owner relating to water. It is not stated in "crystal clear language" in the contract that Silver Cross had any obligation to Nielsen relating to water damage which Silver Cross would arbitrate. Furthermore, the general emergency provision we find of no assistance to Nielsen because the emergency evidently had ended before the repairs were undertaken.

■■ In our opinion the judgment of the trial court was entirely correct. Its consideration of the contractual liabilities of Silver Cross was not a final determination on the merits. (See *Borg, Inc., v. Morris Middle School Dist.*, 3 Ill.App.3d 913, 915.) The parties can, if they desire, have their rights adjudicated in a proceeding in a court of law in which owner, contractor, and architect can all be joined. Accordingly the judgment is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.