In re CARDINAL INDUSTRIES, INC.,

In Joint Administration With

Cardinal Industries of Florida, Inc., Debtors. (Two Cases)

CARDINAL INDUSTRIES, INC., and Cardinal Industries of Florida, Inc., Plaintiffs,

v.

BUCKEYE FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Defendants.

Bankruptcy Nos. 2–89–02778, 2–89–02779, 31–4427382 and 58–1419022.
Adv. No. 2–89–0203.

United States Bankruptcy Court, S.D. Ohio, E.D.

Oct. 18, 1989.

Fordham E. Huffman, Jones, Day, Reavis & Pogue, Columbus, Ohio, for debtors.

Robert J. Sidman, Vorys, Sater, Seymour and Pease, Columbus, Ohio.

Grady L. Pettigrew, Jr., John E. Hoffman, Arter & Hadden, Columbus, Ohio.

Thomas C. Scott, Thompson, Hine and Flory, Columbus, Ohio.

Teri G. Rasmussen, Porter, Wright, Morris & Arthur, Columbus, Ohio.

Todd Robert Marti, Schottenstein, Zox & Dunn, Columbus, Ohio.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for Official Unsecured Committee of Creditors for Cardinal Industries, Inc.

## ORDER SETTING PROCEDURES IN RESPONSE TO MOTIONS FOR NOTICES OF PENDING FORECLOSURE SALES AND MOTION TO ALTER OR AMEND JUDGMENT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on three related motions filed by Cardinal Industries, Inc. and Cardinal Industries of Florida, Inc., Chapter 11 debtors-in-possession before this Court and plaintiffs in Adversary Proceeding No. 2–89–0203 (the "Debtors"). The Debtors' requests include a Motion for Order Requiring Lenders to Give Cardinal Advance Notice of Foreclosure Sales, filed October 4, 1989; Cardinal's Motion for Order Requiring Lenders to Give Thirty Days Advance Notice of Foreclosure Sales of Partnership Property, filed October 2, 1989 in the adversary action; and a Motion to Alter or Amend Judgment, filed October 10, 1989 in the adversary action.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this District. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) which this Bankruptcy Judge may hear and determine.

Because the matter raised by these requests needed prompt resolution, the Court determined that the requested relief should be heard at the regularly scheduled status conference in the main case set for October 11, 1989. Transcript of Hearing at 144, *Cardinal Industries, Inc. v. Buckeye Federal Savings & Loan Assoc.*, Adv. Pro. No. 2–89–0203 (Bankr.S.D.Ohio Oct. 2, 1989) (hearing to determine whether to issue temporary injunctive relief against Federal Home Loan Mortgage Corp., Home Federal Savings and Loan Assoc., and San Antonio Savings). At the status conference a number of lenders to partnerships for which one of the Debtors is a general partner (the "Partnerships") appeared and opposed the requested relief. The Court then invited those parties, by October 13, 1989, to suggest in writing protections for their concerns which the Court might consider and include in any order it determined to issue. The Court has considered all oral and written concerns expressed by parties who chose to make such concerns known. The Court is now prepared to issue this order which it hopes will provide a workable framework for notice and other matters which may arise as a result of any requests filed by the Debtors seeking injunctive relief against certain of the Partnership lenders.

Specifically, the Debtors' motions request the Court to order lenders with mortgage interests in properties owned by the Partnerships to provide the Debtors with either a 25 or 30 day advance notice of any foreclosure sales of such properties. In support of their request the Debtors assert that some 300 foreclosure actions are currently pending; many of those actions and resulting scheduled sales were stayed by an injunction, issued by District Judge Kinneary, which terminated September 28, 1989; sale dates may have been "rolled over" or continued to times of which the Debtors may be unaware; there are very relaxed standards for notice in many non-

judicial foreclosure states; many of the properties are being operated by receivers, selected by the lenders, who have little incentive to forward notices to the Debtors; and the Debtors' staff and offices have significantly decreased their operations, personnel and corporate locations and may not have properly received or directed certain notices. Further, the Court suggested in its September 28 Opinion and Order in the adversary action, 105 B.R. 834, that the only injunctive relief possible to stop such sales other than filing Chapter 11 cases for each Partnership, must be approached on a property by property basis upon a showing of significant impact on the reorganization. If the mechanism by which the Court is to schedule and hear such injunctive requests is to be effective or efficient, the Debtors assert that they must receive notice of scheduled foreclosure sales prior to the deadline for filing such motions for injunctive relief so that the motions may be heard prior to the scheduled sale dates.

Frankly, the Court was surprised, somewhat disconcerted and puzzled by the intensity of the opposition to the Debtors' motions which the Court perceived to be in the nature of procedural requests. The Court can only surmise that events occurring outside the courtroom or feelings of animosity lingering from the adversary action played a role in such opposition or that in an unusual situation a lender may be affected by the order in more than a procedural sense. The Court intends, however, to try to moderate, if not alleviate, some of the concerns expressed by objecting parties.

It is the Court's opinion that there is no relief available to the Debtors through this motion other than relief which is procedural in nature. If safeguards to that end need to be incorporated into this order, the Court will attempt to include such protections. And if parties exist to whom the provisions of this order would be substantive in nature, such parties may seek, and will receive, relief from particular requirements. No such circumstances were brought to the Court's attention at the hearing, however.

The Court is very concerned that whatever relief is sought by the Debtors in the future under the provisions of 11 U.S.C. § 105 proceed in an orderly fashion with the greatest notice feasible given to all parties and the highest degree of scheduling predictability possible given to the Court's staff. That result is the only objective of this order.

The Court further expects, after an initial intense start-up period of thirty (30) days or so, that injunctive relief will be sought by the Debtors only in the exceptional instance where the parties are unable to reach agreement and where the Debtors perceive that the partnership property to be sold by foreclosure has significant benefit or impact upon their reorganization efforts. It is further expected that such requests will be timed appropriately such that scheduled sales will not be interrupted by hearing dates and that lenders may request earlier determinations of the Debtors' intentions. In order for such injunctive requests to be appropriate, however, all parties involved must have the opportunity to evaluate the financial reality of each particular property for which relief may be sought.

In essence the Debtors' motions are notice to Partnership lenders that a particular motion may be filed against them. The Court's response to the motions by the Debtors is not to grant the particular relief requested, but to enter an order in the nature of a pre-trial or pre-hearing order which sets out the ground rules for the motions which may follow. It is preferable to lay out such ground rules in advance of those filings because the time frame for the motions, responses and hearings may not permit normal discovery processes to occur and may be insufficient for the Court to issue customary pre-trial orders.

Opponents of the Debtors' motions generally indicated that the Court lacked subject matter and personal jurisdiction to grant the relief sought, that the procedure utilized was inappropriate for the injunctive relief requested, that expedited relief had not been properly sought, and that there was no basis for the issuance of an affirm-

ative injunction against the lenders. All objections were heard and have been considered by the Court. As previously discussed, the need for expedited hearing on the requests was determined by the Court because of the nature of the relief sought and the Court's perception of the effect such requests for relief were having on its staff.

■ With regard to the jurisdictional issues raised by the lenders, the Court finds that an order felt to be necessary to implement a process for organizing and scheduling matters which the Court believes are within its jurisdictional powers to hear, is clearly an order which is sound in a jurisdictional sense. The Court has already determined, and case law supports, that activities of a third party which significantly impact upon a debtor's reorganizational effort or unduly pressure a debtor can be examined by this Court in the context of a request for injunctive relief. *See, e.g., Allard v. Delorean et al. (In re Delorean Motor Co.),* (6th Cir. June 14, 1989) [876 F.2d 894 (table)]. Indeed the very suggestion of the possible appropriateness of an injunctive proceeding on a property by property basis came from various lenders during their participation as defendants in the adversary action. Transcript of Hearing Vol. II at 161, Vol. III at 292, 343, *Cardinal Industries, Inc. v. Buckeye Federal Savings & Loan Assoc.,* Adv. Pro. No. 2–89–0203 (Bankr.S.D.Ohio July 27–Aug. 1, 1989) (hearing to determine fairness of proposed settlement); Transcript of Hearing at 204, *Cardinal Industries, Inc. v. Buckeye Federal Savings & Loan Assoc.,* Adv. Pro. No. 2–89–0203 (Bankr.S.D.Ohio Sept. 7, 1989) (final hearing on request for declaratory and injunctive relief). Procedures which are necessary to insure not only the fairness, but also the efficiency of that process as it affects all parties and the Court's staff cannot seriously be open to question on jurisdictional grounds and are clearly contemplated by the provisions of 11 U.S.C. § 105(a). In addition, all that is required for the subject matter jurisdictional nexus is that the activity have some conceivable impact on the bankruptcy reorganization or estate. *See Kelley v. Nodine*

*(In re Salem Mortgage Co.),* 783 F.2d 626, 634 (6th Cir.1986).

Representatives of counsel for all lenders who participated in the adversary action were served with the version of the motion filed in the adversary action. All responses received have been considered by the Court and the opposition heard on October 11, 1989 appears to be typical of the responses generally. Further, the level of involvement in this case by counsel for the objecting parties makes untenable any position that these parties are strangers to this case. On that basis the Court believes personal jurisdiction is appropriate and has been effectuated. As previously stated, however, this order is intended to establish a procedural mechanism rather than to determine substantive rights. Whether exercise of the Court's jurisdiction is appropriate in any particular instance is not before the Court at this time.

Although the objecting parties characterize the relief sought by the Debtors as injunctive in nature and, therefore, procedurally deficient as presented, the Court finds that no such impermissible injunctive effect will or can be granted by this order. If the foreclosure requirements of a particular state mandate a notice period less than that sought by the Debtors, then the lesser period will govern any notice required under this order. If the notice of foreclosure required by state law has already been given and the foreclosure sale date was not required to be sent to Debtors' counsel pursuant to the Court's October 3, 1989 Order Requiring Lenders to Give Notice of Pending Foreclosure Dates, the only requirement this order will impose is that notice of such previously uncommunicated foreclosure sale dates shall be sent to the Debtors within five (5) days of the service of this order or as soon as such date is set. In addition to that notice, all the Court is directing by this order is a supplementation or redirection of the notice of a foreclosure sale date each lender is presumably otherwise required to give to an owner under applicable state law or pursuant to its contract with the partnership. It is clear to the Court that if the Debtors do not know

of such dates in time to determine whether to seek injunctive relief, this Court will be presented with frequent emergency hearing requests and lenders will have little time to adequately prepare appropriate defenses to such requests. No presently scheduled foreclosure sale is enjoined or otherwise affected by this order.

■ One of the objecting parties opposed this motion on the ground that no evidentiary basis was presented by the Debtors. While the Court understands this concern, it appears that evidence would not be helpful in this matter. The only relevant disputed fact is whether or not the Debtors have notice of all pending foreclosure sales. Such a fact is really not susceptible of proof since proving a negative of this sort is beyond the capacity of our current evidentiary system. Counsel's statements and the memoranda in support of such motions, however, set forth certain reasons such as the termination of Judge Kinneary's injunction, the ability of lenders to roll over sale dates without additional notice and the presence of receivers at the property sites. Those facts are not open to dispute and are known to the Court and to the lenders. In addition, it is obvious to the Court from hearings requested or heard since the Court's September 28 Opinion and Order that, especially in non-judicial foreclosure states, those dates are not always known to the Debtors. Therefore, the only issue raised by the motions which is being sustained by the Court, the need for foreclosure sales to be noticed to the Debtors, is not open to legitimate debate. Any request to stay a particular sale, known or unknown, is being denied and would require an evidentiary showing. Transcript of Hearing at 32–33, 41, 42, 44, 129–130, *Cardinal Industries, Inc. v. Buckeye Federal Savings & Loan Assoc.,* Adv. Pro. No. 2–89–0203 (Bankr.S.D.Ohio Oct. 2, 1989).

Based upon the foregoing, and to further standardize any future injunctive relief proceedings initiated by the Debtors against specific partnership lenders, it is hereby ORDERED that

(1) Each Partnership lender served with a copy of this order shall provide to Debtors' counsel, as shown on the service portion of this order, in any reasonable form, notice of any foreclosure sale dates not previously communicated under the Court's October 3, 1989 Order and for which the notice required by applicable state law has already otherwise been given or is not required to be given; and it is further ORDERED that

(2) For future foreclosure sales each Partnership lender, when sending the notice of foreclosure sale required under its mortgage, deed of trust or applicable state law, shall direct one copy of such notice to the same counsel for the Debtors so long as these Chapter 11 cases are pending; and, if no such notice is required under state law, some form of notice shall be provided when the foreclosure date becomes known to the lender; and it is further ORDERED that

(3) Any Partnership lender wishing to establish a conclusive presumption regarding the fact of such notice may do so by filing with the Clerk of the Bankruptcy Court a pleading which includes a copy of the notice provided to the Debtors along with a proof of service in accordance with Local Bankruptcy Rule 5.0(e). Any purchaser at any such foreclosure sale and any lender or title insurer shall be entitled to rely upon the accuracy of such filed notice and for purposes of the validity of any such foreclosure sale and of the title to the property sold in any purchaser, such notice shall conclusively be deemed given as stated in such proof of service; and it is ORDERED that

(4) Upon written notice from a Partnership lender that such lender intends to take action which will ultimately result in a foreclosure sale of a partnership property, the Debtors shall, within forty-five (45) days after such notice, determine and file a motion for protection of such property under 11 U.S.C. § 105 if such protection is to be sought. The Lender's notice must state or be accompanied by a statement that the protections of this paragraph are being invoked. If a lender has given notice of a

scheduled foreclosure sale pursuant to paragraphs (1) or (2) of this order, the Debtors shall file any motion for protection under 11 U.S.C. § 105 relating to that property by the earlier of ten (10) days after such notice or by the time required by the Case Management Order to schedule a hearing prior to the foreclosure date. If the number of hearings scheduled for any day or week is more than the Court can feasibly hear, the Court, on its own motion, may reschedule such hearings on notice to the parties; and it is further ORDERED that

(5) Any motion filed by the Debtors directed toward injunctive relief against a Partnership lender shall specify details of facts upon which the Debtors will rely as to the following issues:

(a) how the lender's actions are interfering with the Debtors' reorganization efforts with respect to the particular project involved;

(b) how foreclosure of the property will negatively impact upon the ability of the Debtors to reorganize;

(c) how the balance of harm favors the Debtors, i.e., what harm will be suffered by the Debtors if the injunction does not issue, and what harm to the Debtors' knowledge will be suffered by the lender if the injunction does issue;

(d) what is the current value of the property to the Debtors' reorganization, and a brief explanation of how that valuation was determined; and

(e) what is the economic ability of the particular project to generate profits, cash flow or net proceeds, and how the same could become available on a reasonable basis for unsecured creditors of the Debtors, including an analysis of cash pass-through provisions which have operated during these bankruptcy cases and historical data for 1988 and 1989 to the extent such data is or should be in the Debtors' possession;

and it is further ORDERED that

(6) As part of any motion directed toward injunctive relief against a Partnership lender, the Debtors shall attach and serve on the lender copies of any appraisals, financial statements or other documents upon which the Debtors will rely at the hearing on the motion or which support the factual statements in the injunctive pleadings. Any response to such motion filed by the lender shall also include as attachments any appraisals, financial statements, historical financial data in the possession of the lender or, receivers it has caused to be appointed, or other documents upon which the lender intends to rely at the hearing; and it is further ORDERED that

(7) The Debtors shall serve a copy of this order upon a representative of each Partnership lender, and where such lender has appeared through counsel, on each such counsel, and shall file a certificate of such service; and it is finally ORDERED that

(8) The Judgment granted September 28, 1989 in the adversary action shall be, and the same is hereby, altered or supplemented to the extent necessary to reflect the provisions of this order.