DORR, KELLER, BENTLEY & PECHA; Smith, Keller & Associates; and G. Kevin Keller, Appellants, (Plaintiffs/Defendants),

v.

DORR, BENTLEY & PECHA; Mark Dorr; and Thomas J. Hogan, Appellees (Defendants).

No. 91–32.

Supreme Court of Wyoming.

Aug. 14, 1992.

Rehearing Denied Sept. 22, 1992.

Don W. Riske, of Riske & Arnold, Cheyenne, for appellants.

Greg L. Goddard of Goddard, Perry & Vogel, Buffalo, and Cherie Shelton Norman of Skiles, Hageman & Butler, Laramie, for appellees.

Before THOMAS, CARDINE and GOLDEN, JJ., and ROONEY and BROWN, JJ. (Retired).

BROWN, Justice, Retired.

This case involves dissolution of an accounting partnership and the submission of disputes to binding arbitration.

Appellants suggest seven issue for our review:

1. Whether the December 14, 1990 dismissal order is void.

2. Whether the district court had jurisdiction to determine that the partnership was terminated when the partners had previously stipulated that all matters arising out of the partnership agreement be submitted to arbitration.

3. Whether the action below could continue after the district court realigned the parties so that both partners of the partnership were defendants.

4. Whether the district court committed reversible error by terminating a partnership that was still a party in litigation, had unpaid creditors, unsettled capital accounts and had uncompleted, unfiled federal tax returns.

5. Whether the district court committed reversible error by finding that the issuance of the arbitration award resulted in the appellant SK & A becoming a creditor of the other partner and not a creditor of the partnership.

6. Whether the district court committed reversible error in prohibiting appellant SK & A from bringing an action in the name of the partnership as the liquidating partner.

7. Whether the district court committed reversible error in finding that the subject partnership was dissolved *and* terminated on August 24, 1989, the date on which the findings, conclusions and award were entered by the arbitration panel.

Appellees state that the only issue is whether:

The trial court correctly determined that the partnership of Dorr, Keller, Bentley & Pecha (DKBP) terminated upon the entry of the arbitration panel's "Findings, Conclusion and Award" on August 24, 1989.

We will remand with instructions.

On January 1, 1988, Dorr and Associates (D & A), a CPA firm operating in Gillette, Wyoming and consisting of individual partners Mark A. Dorr, Barbara E. Dorr, Steven K. Bentley and Stephen H. Pecha, joined with Smith, Keller & Associates (SK & A), a CPA firm operating in Cheyenne, Wyoming and consisting of general partners G. Kevin Keller and Robert Smith, to form the accounting firm of Dorr, Keller, Bentley & Pecha (DKBP). The partners in the DKBP partnership were D & A and SK & A. During the course of the partnership, disputes arose and, on April 3, 1989, SK & A gave notice of its intention to dissolve the partnership as of May 4, 1989. The notice effectively ended the partic-ipation of SK & A in the business operation of DKBP.

Subsequently, appellant SK & A brought suit in Laramie County District Court seeking, among other things, recovery of the accounting practice and damages. The Honorable Gary Hartman, sitting in Laramie County District Court, dismissed this lawsuit and ruled that the arbitration provisions of the partnership agreement applied and that the parties must submit their differences to arbitration.

On August 7 and 8, 1989, an arbitration panel was convened and heard testimony and evidence regarding disputed matters. On August 24, 1989, in a two-to-one decision, the arbitration panel announced its "Findings of Fact, Conclusions of Law and Award." [1] On August 29, 1989, SK & A filed an action to confirm the arbitration award, in Civil Docket No. 121–106 in the First Judicial District Court, Laramie County, Wyoming. On January 29, 1990, the court issued an opinion letter stating it would confirm the arbitration award and directed counsel to prepare the appropriate judgment.

On February 1, 1990, D & A filed a Chapter 11 bankruptcy. On March 27, 1990, D & A converted from a Chapter 11 bankruptcy to a Chapter 7 bankruptcy and on March 29, 1990, an independent trustee, Thomas Hogan, was appointed by the court to be the legal representative of the estate.

On March 23, 1990, Barbara Elizabeth Dorr and Stephen Harold Pecha, two of the three general partners of D & A, filed

---

1. The award provided:

The Arbitration Panel, by a majority, hereby award the following damages to Keller:

| | |
|---|---|
| Unpaid compensation for calendar year 1988 | $ 5,840.87 |
| Unpaid compensation for the period January 1, 1989 through May 4, 1989 | 7,926.64 |
| Damages for violation of dissolution provisions | 91,396.27 |
| Total | $105,163.78 |

In addition to and exclusive of the foregoing, Dorr is directed to deliver to Keller all sums in Wyoming National Bank—Cheyenne Savings Account No. 1200831263, which by the last account statement had a balance of $1,565.35.

Dorr is further directed to deliver to Keller all accounts receivable existing as of May 4, 1989, and to pay to Keller any sums paid for said accounts receivable hereafter.

Dorr is further directed to return to Keller all computer software in Dorr's possession

voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

In an ostensible effort to determine the legal status of the partnership following the arbitration award, D & A filed a declaratory judgment action on April 30, 1990, in the Sixth Judicial District Court, No. 17330. On May 11, 1991, SK & A filed an action in Laramie County District Court, Civil Docket 123 No. 445, seeking, among other things, damages and an accounting. Those two actions were then consolidated before the Honorable Terrence O'Brien in the Sixth Judicial District. Neither party obtained relief from the automatic stay before filing their actions in the Sixth Judicial District Court and the First Judicial District Court. Mr. Hogan, the Chapter 7 trustee for D & A, did not authorize the filing of Case No. 17330 in Campbell County. Furthermore, he did not authorize appellees' attorney to represent the trustee, the estate, or any interest in the estate. The automatic stay was not lifted until June 25, 1990.

Judge O'Brien ruled that the parties had agreed to arbitration to settle all of their differences in the dissolution of the partnership of DKBP; that the arbitration panel considered testimony and evidence, conducted an accounting and entered an award; that the arbitration award settled all disputes between the parties; and that those issues could not be re-litigated. If the court had stopped at this point, its ruling would have been correct if we disregard the fact that neither action should have been before the court in the first instance. However, it ruled further that the partnership of DKBP was dissolved

and terminated on August 24, 1989, the date the Findings, Conclusions and Award was entered by the arbitration panel; and that SK & A was not the liquidating partner of DKBP.[2]

On August 31, 1990, SK & A and Mr. Hogan, acting in his capacity as Chapter 7 trustee of the estate of D & A filed a "Joint Motion for Order Confirming Arbitration Award and Granting Judgment" in Doc. 121 No. 106 in the District Court, First Judicial District, Laramie County, Wyoming (apparently this matter had been in limbo since the petition to confirm was filed in August 1989).[3] This joint motion cited the June 26, 1990 order granting relief from stay and asked that the district court judge proceed to confirm the judgment. On December 5, 1990, the district court filed an order confirming arbitration in civil case No. 121–106.

On December 13, 1990, the attorney for appellees here filed a document styled "Motion to Set Aside Order Confirming Arbitration Order" in the Laramie County District Court suit. (Civil No. 121–106). Mr. Goddard, attorney for D & A, purported to file this document on behalf of several entities, including "Dorr & Associates, a partnership."

Apparently in a letter dated April 3, 1991, the court informed the parties that it would set aside the December 5, 1990 order confirming the arbitration award and transfer the case to be consolidated with the action still pending in Campbell County.

We have had considerable difficulty in this case reconciling the record with what is represented in the briefs. It appears that counsel cleaned out their files and put

---

which was brought into the partnership and/or owned by Keller as of May 4, 1989.

2. The court's order stated:
IT IS THEREFORE HEREBY ORDERED:
1. Defendants' Motion to Dismiss in the First Judicial District Docket 123 Case No. 445 (consolidated with Case No. 17330 in Campbell County, Wyoming) is hereby granted and said case is hereby dismissed with prejudice.
2. Plaintiffs' request for declaratory relief in Case No. 17330 is granted to the extent that the Court rules that as between Smith, Keller & Associates and Dorr & Associates and the partnership of Dorr, Keller, Bentley & Pecha,

the partnership was terminated on the 24th day of August, 1989 and no longer exists.
3. That the arbitration award accomplished an accounting and dissolved and terminated the partnership as of August 24, 1989.
4. Dorr, Keller, Bentley & Pecha has no right of action and Smith, Keller and Associates cannot pursue any action in the name of Dorr, Keller, Bentley & Pecha.

3. Sometime before July 30, 1990, Mr. Hogan, on behalf of the estate of D & A, agreed to additional findings of fact and conclusions of law and order to be submitted to the arbitration panel.

random documents in the record, without regard to relevancy or sequence. Some materials are in the record three times; other materials referred to in the briefs are not in the record. Some documents are attached to other documents and are therefore not indexed. We permitted the original record to be supplemented by adding the United States Bankruptcy Court's order dated September 6, 1991. The recitations in this order filled in some of the holes in the original record.

### I

A determination of the proper representative of D & A when in Chapter 7 bankruptcy will effectively dispose of this appeal.[4]

The filing of the petition in the bankruptcy court on February 1, 1990, created an estate. That estate consisted of *"all* legal or equitable interests of the debtor [D & A] in property" wherever located and by whomever held. 11 U.S.C. § 541 (1988) (emphasis added). This includes any and all causes of action existing on the petition date. *Delgado Oil, Inc. v. Torres,* 785 F.2d 857 (10th Cir.1986).

▮▮▮ Property of the estate includes all of the debtor's inchoate and unliquidated interests. *United States v. Whiting Pools, Inc.,,* 462 U.S. 198, 204–05 n. 8, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (Estate succeeds to no more or greater causes of action against third parties than those held by the debtor.) Property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case. 11 U.S.C. § 541(a)(7). Property of the estate in a Chapter 7 case of a non-individual includes all property, income, receivables, causes of action, etc., generated or acquired during a preceding Chapter 11 case. *Id.*

▮▮▮ As a partner in DKBP, D & A had an interest in managing that partnership. *See,* e.g., Wyo.Stat. § 17–13–501(iii) (1989). That management interest passed to the

estate when D & A filed for bankruptcy. *In re Cardinal Industries, Inc.,* 105 B.R. 834, supplemented 109 B.R. 743 (Bankr. S.D.Ohio 1989).

▮▮▮ When a cause of action accrues before the bankruptcy petition, that claim is property of the estate, regardless of whether or not a lawsuit based upon that cause of action had been commenced. *In re James,* 120 B.R. 802 (E.D.Pa.1990); *In re E.F. Hutton Southwest Properties, II, Ltd.,* 103 B.R. 808 (N.D.Tex.1989); *In re Johns–Manville Corporation,* 57 B.R. 680 (S.D.N.Y.1986).

▮▮▮ When an interest in property becomes property of the estate, the "debtor" no longer has an independent interest in the property. There are a few narrow exceptions to this general rule, none of which are applicable to this case. All that a Chapter 7 debtor [D & A] has is the right to receive distribution from the net proceeds of the liquidation of its estate, if all claims are paid in full.

The "trustee * * * is *the* representative of the estate." 11 U.S.C. § 323(a) (1988) (emphasis added). It is the trustee who may "sue and be sued" on behalf of the estate. § 323(b). "After the estate is created, although title does not vest in the trustee himself (it vests in the estate), the trustee is authorized as the individual through whom the estate acts, i.e., as its representative under section 323(a)." 2 Collier on Bankruptcy, 323.01 at 323–2 (15th ed. 1987).

▮▮▮ Therefore, after the filing of the bankruptcy petition, D & A held no independent interest in the DKBP partnership or the arbitration award. 11 U.S.C. § 541(a). The effect of the conversion from Chapter 11 to Chapter 7 was that the entity entitled to assert, manage, represent, and/or sell those interests, changed from the former debtor [D & A] in possession to the Chapter 7 trustee.

---

**4.** The discussion in this Part I of the opinion is ·substantially the same as that employed by Judge Harold Mai, Bankruptcy Judge, in his order dated September 6, 1991 with respect to the status of D & A, appellee here, in Chapter 7 bankruptcy.

In *Cain v. Hyatt*, 101 B.R. 440, 442 (E.D.Pa.1989) (citations omitted), the court stated:

> The trustee in a case under Chapter 7 is the sole representative of the estate. 11 U.S.C. § 323(a). As such, it is the trustee who "has the capacity to sue and be sued." 11 U.S.C. § 323(b). Thus, courts have consistently held that a "trustee succeeds to all causes of action held by a debtor at the time the bankruptcy petition is filed." As the court held in *Jefferson v. Mississippi Gulf Coast YMCA[. 73 B.R. 179 (S.D.Miss. 1986) ]:
>
> > It is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property under the Bankruptcy Code—vests in the trustee for the benefit of the estate.

■ The trustee is empowered to conduct all litigation and arbitration matters on behalf of the estate without giving notice to any party and without seeking authority from a court or from any party.

> *With or without court approval,* the trustee * * * may *prosecute* or may enter an appearance and *defend any pending action* or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

Federal Rules of Bankruptcy Procedure R6009 (1991) (emphasis added).

■ Because the trustee is the representative of the estate, others, including the debtor, may not prosecute causes of action that are property of the estate. *Lambert v. Fuller Co., Inc.*, 122 B.R. 243 (E.D.Pa. 1990); *Vreugdenhil v. Hoekstra*, 773 F.2d 213 (8th Cir.1985). *See also Jones v. Harrell*, 858 F.2d 667 (11th Cir.1988).

■ There is no requirement in Fed. R.Bankr.P. R6009 that the trustee notify the debtor, or any of its principals, of the conduct of litigation on behalf of the estate. Where the trustee is managing an asset that is a cause of action, the *only* notice required to be given to the debtor is set forth in Fed.R.Bankr.P. R2002(a)(3) and R9019. This notice only relates to a hearing on the final approval of the settlement by the *bankruptcy court.* There is no requirement that the debtor consent to, or approve, the conduct of litigation or settlement of controversy.

■ Relief from the automatic stay does not affect ownership of property or change the party with standing to represent the interest of an entity (in this case the estate's) in property. All that relief from stay does is change the forum in which interests may be adjudicated and allow liquidation to go forward. In other words, although the June 26, 1990 order granted relief from stay and allowed the parties to proceed in the pending Laramie County District Court action, it did not change the fact that Mr. Hogan is the exclusive representative of this estate.

■ All causes of action that could have been brought by this debtor, on behalf of the debtor, or for the benefit of the debtor, may *only* be brought by the trustee after the petition in bankruptcy is filed. *Delgado Oil, Inc.*, 785 F.2d at 861.

■ The commencement of the Campbell County District Court action seeking a declaration of the nature and extent, or even the existence, of D & A's interest in either the partnership of DKBP, or in the arbitration award, was an unauthorized representation. Even if the action had been commenced after the June 25, 1990 order granting relief from stay, it would have still been void as an unauthorized representation. *See Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 47 S.Ct. 361, 71 L.Ed. 658 (1927). A suit instituted without authority from the party named as plaintiff is a nullity, and any judgment obtained in such a suit is void. *Meredith v. The Ionian Trader*, 279 F.2d 471 (2nd Cir.1960).

As noted above, after this bankruptcy case was commenced, the partnership debtor, D & A, had no interest in DKBP, in the arbitration decision or award, or in the claims of Mr. Keller, or Smith–Keller against it, because they now belong to the estate. No action should have been taken regarding those interests without the ex-

press authority and consent of the trustee. Even the determination as to the continued existence or termination of DKBP may materially affect this estate.

■ Recent Tenth Circuit decisions hold that regardless of notice of the existence of the stay, violations of the automatic stay are void and not merely voidable. *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371 (10th Cir.1990); *In re Calder,* 907 F.2d 953 (10th Cir.1990); *Valley Transit Mix of Ruidosa, Inc. v. Miller,* 928 F.2d 354 (10th Cir.1991). Further, the voidness is not cured by a subsequent lifting of the automatic stay. *Ellis,* 894 F.2d 371.

An erroneous notion advanced by counsel who have represented D & A is that the Chapter 7 partnership debtor is entitled to "notice" of the trustee's conduct of the causes of action belonging to this estate or notice of the trustee's entry into a case. This is not an accurate statement of the law. As noted above, pursuant to 11 U.S.C. § 323 and Fed.R.Bankr.P. R6009, the trustee's authority to conduct litigation is limited only by the requirement that he obtain bankruptcy court approval of an actual and final settlement.

## II

■ In the multitudinous proceedings below, the arbitration award has not been given effect. Generally, rights and duties flow from arbitration awards. It seems in this case that the parties have engaged in mostly unauthorized and futile litigation, have made the case unnecessarily complicated, and have ignored controlling principles.

In *Strickland v. Seiple,* 680 P.2d 533, 534–35 (Hawaii.App.1984) (citations and footnotes omitted), the court said:

Judicial review of an arbitration case is severely limited in our jurisdiction. Since the "primary purpose of arbitration is to avoid litigation," *Mars Constructors, Inc. v. Tropical Enterprises, Ltd.,* 51 Haw. 332, 334, 460 P.2d 317, 319 (1969), our supreme court has "decided to confine judicial review to the strictest possible limits." Both the circuit court's review of an arbitration award and an appellate court's review of a judgment entered by the circuit court confirming the arbitration award are restricted by HRS §§ 658–9 and 658–10 (1976). Thus, an arbitration award may be vacated only on one of the four grounds specified in HRS § 658–9 and modified or corrected only on one of the three grounds set forth in HRS § 658–10.

\* \* \* \* \* \*

An arbitration award is considered to be final when consideration of the submitted issues has been concluded and a resolution reached. Although there is no requirement that the award be self-executing, and although "it is not faulty because litigation may ensue in enforcing it," 6 C.J.S. *Arbitration* § 111(b) (1975), it should be "sufficiently definite that only ministerial acts of the parties are needed to carry it into effect," *Mercury Oil Refining Co. v. Oil Workers International Union,* 187 F.2d 980, 982 (10th Cir.1951); *see also* 6 C.J.S. *Arbitration* § 115 (1975), and "clear enough to indicate unequivocally what each party is required to do."

An arbitration award may be vacated by the court on one of five grounds stated in Wyo.Stat. § 1–36–114 (1988)[5] and modified

---

**5.** The five grounds specified in Wyo.Stat. § 1–36–114 are:

(i) The award was procured by corruption, fraud or other undue means;

(ii) There was evident partiality by an arbitrator appointed as a neutral, corruption of any of the arbitrators or misconduct prejudicing the rights of any party;

(iii) The arbitrators exceeded their powers;

(iv) The arbitrators refused to postpone the hearing upon sufficient cause being shown, refused to hear evidence material to the controversy or otherwise conducted the hearing as to prejudice substantially the rights of a party; or

(v) There was no arbitration agreement, the issue was not adversely determined by a court as provided by law and the applicant did not participate in the arbitration hearing without raising the objection. The fact that the relief was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award.

or corrected by the court on one of three grounds set forth in Wyo.Stat. § 1–36–115 (1988).[6] Wyo.Stat. § 1–36–111 (1988) provides for modification of the award by the arbitrators.[7] Wyo.Stat. § 1–36–113 (1988) provides for confirmation of the award by the court.

The parties have not invoked the statutory procedure to request the arbitrators to modify the arbitration awards nor have they requested that the court vacate, modify or correct the awards. The time specified in the statutes for correcting, modifying or vacating the awards has long since passed.

The attempted confirmation of the arbitration awards is poorly documented in the record. There is no order in the record confirming the August 24, 1989 award. However, a court order dated December 5, 1990 recites that the August 24, 1989 award was confirmed September 10, 1990. This same order confirms the July 30, 1990 award. In its brief, appellees state that this order was overturned by a district judge. The original record submitted to us by the parties does not reflect this action. However, the United States Bankruptcy Court's order dated September 16, 1991, stated that the trial court in the arbitration confirmation proceedings stated that "it would set aside the December 5, 1990 Or-

der Confirming Arbitration Award." Apparently the district court judge determined that D & A was not notified of the second arbitration proceedings. As indicated earlier in this opinion, a debtor (D & A) is not entitled to notice of the trustee's actions regarding conduct of litigation involving the bankruptcy estate.

We determine that the proceedings in the District Court, Sixth Judicial District [8] were improper in that arbitration proceedings had not been completed and that the consolidated matters before the Sixth Judicial District were substantially the same as issues in arbitration. "When parties create a contractual relationship which includes a broad arbitration agreement, they intend to include within the scope of arbitration any dispute arising from the termination of that contractual relationship unless they clearly evidence a purpose to exclude such disputes." *Waddell v. Shriber*, 465 Pa. 20, 348 A.2d 96, 101 (1975). In the case before us, the partnership agreement contained broad arbitration provisions.[9]

Courts generally hold that when a partnership agreement provides for arbitration, as in this case, collateral or parallel court proceedings with regard to the disputed property or issues being arbitrated are improper and such proceeding must be dismissed or stayed until arbitration is com-

---

6. The three grounds specified in Wyo.Stat. § 1–36–115 are:
    (i) There was an evident miscalculation of figures or an evident mistake in the description of any person or property referred to in the award;
    (ii) The arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
    (iii) The award is imperfect in a matter of form, not affecting the merits of the controversy.

7. Wyo.Stat. § 1–36–111 reads in pertinent part:
    (a) On application of a party or an order of the court, the arbitrators may modify the award:
    (i) When there was an evident miscalculation of figures or description of a person or property referred to in the award;
    (ii) When the award is imperfect as to form not affecting the merits of the controversy; or
    (iii) For the purpose of clarifying the award.

8. D & A's complaint for declaratory judgment was consolidated with SK & A's complaint originally filed in the First Judicial District.

9. The partnership agreement stated in part:
### ARTICLE XII.  ARBITRATION
    Any controversy arising out of or relating to this partnership agreement shall be settled by arbitration by three members of the state knowledgeable in business affairs. The first two arbitrators selected, one by each of part to the controversy, and the third arbitrator mutually agreed upon and selected by the first two arbitrators. Majority decision of the arbitrators will constitute arbitrated settlement, and judgment on the award rendered may be entered by any court having jurisdiction. The arbitrated settlement shall be made by arbitrators within 60 days of selection of the third arbitrator. Arbitration shall be the exclusive remedy of controversy.

pleted. *State Farm Mutual Auto Ins. Co. v. Hanover Development Corp.*, 73 Ill. App.3d 326, 29 Ill.Dec. 299, 391, 391 N.E.2d 562 (1979); *Seidman and Seidman v. Wolfson*, 50 Cal.App.3d 826, 123 Cal.Rptr. 873 (1975).

## SUMMARY

After D & A went into Chapter 7 bankruptcy, it no longer had standing to file and pursue its complaint dated April 30, 1990. The trustee in bankruptcy is the proper entity to represent the bankruptcy estate in any court or arbitration proceeding. D & A's April 30th complaint is a nullity for the further reason that it was filed in violation of an automatic stay which occurred when D & A went into Chapter 7 bankruptcy. A third reason to dismiss the proceeding tried in the Sixth Judicial District and now on appeal is that the parties generally ignored the arbitration award and attempted to litigate matters involving arbitration before arbitration had been completed.

The only viable district court action that we are aware of is a petition to confirm the arbitration award, Civil Docket No. 121–106, originally filed in the First Judicial District Court. This file apparently was transferred to the Sixth Judicial District. The status of an "Order Confirming Arbitration Award" is unclear and cannot be determined by reference to the record. The parties must now back up and pursue the petition for confirming the arbitration award. When the district court has finally acted upon that petition, a party may petition the district court to enforce the award if necessary, or take other appropriate action.

Remanded with instructions to dismiss the consolidated case here on appeal.

THOMAS, J., and ROONEY, Retired J., file dissenting opinions.

THOMAS, Justice, dissenting.

While I agree with much of what is said in the opinion of the court, I cannot agree with the ultimate resolution. I have struggled to find common ground with the majority opinion or with Justice Rooney, but I am persuaded that the correct disposition is that this appeal must be dismissed. That persuasion leaves me with the conclusion that I must separately dissent.

I am satisfied that the opinion of the court is correct in its conclusion that the civil action filed by Dorr & Associates in the District Court of the Sixth Judicial District failed to invoke the jurisdiction of that court because of the stay in bankruptcy. The same rationale is applicable to the action purportedly filed by Dorr, Keller, Bentley & Pecha in the District Court of the First Judicial District that was ordered to be consolidated with the action pending in the Sixth Judicial District. In neither instance did the district court acquire jurisdiction over the case, and I am satisfied that the defect was not cured by the lifting of that stay at a later time.

Our rule is quite clear to the effect that this court has no greater subject matter jurisdiction than that vested in the trial court and, in instances in which the trial court has no jurisdiction, the appropriate disposition is dismissal of the appeal for want of jurisdiction in this court. *Matter of Estate of Fulmer*, 761 P.2d 658 (Wyo. 1988); *Snell v. Ruppert*, 541 P.2d 1042 (Wyo.1975); *Pritchard v. State, Division of Vocational Rehabilitation, Dept. of Health and Social Services*, 540 P.2d 523 (Wyo.1975); *Ginn v. Parrish*, 362 P.2d 824 (Wyo.1961). The proper disposition for this court to make in this case is to dismiss the appeal.

Certainly, the court should not be offering advice concerning the action that apparently was instituted to confirm the award of the arbitrators. That case is not before this court in any way.

I would dismiss this appeal after noting the reasons for the absence of any jurisdiction in the trial court.

ROONEY, Justice, Retired, dissenting.

The arbitration proceeding was valid and disposed of this matter. The decision in arbitration was announced on August 24, 1989. The District Court indicated confirmation of the award on January 29, 1990, in an opinion letter. Although ineffective

proceedings concerning this matter were had in the district court after institution of the bankruptcy proceedings on February 1, 1990 and March 3, 1990, such proceedings and subsequent proceedings concerning this matter were made effective when the automatic stay relative to them was lifted on June 25, 1990. In effect, the bankruptcy court turned disposition of the entire matter over to the state courts and the bankruptcy court concerned itself with the other claims, debts and assets of the bankrupts.

I would affirm.